**STATE of Missouri, Respondent,**

v.

**Ronald Earl HARRIS, Appellant.**

No. 59720.

Supreme Court of Missouri,
en banc.

March 14, 1977.

Blair K. Brazic, St. Louis, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Ronald Earl Harris, was convicted of operating a motor vehicle without the owner's consent by a jury in the Circuit Court of the City of St. Louis and was sentenced by the trial court, under the Habitual Criminal Act (§ 556.280, RSMo 1969), to imprisonment for a term of five years. Following rendition of judgment and imposition of sentence, an appeal was perfected to the Missouri Court of Appeals, St. Louis District, where the judgment was reversed and the cause remanded. Upon application of respondent, the cause was transferred here by order of this Court. We determine the cause "the same as on original appeal." Mo.Const. Art. V, § 10.

On March 20, 1973, a car driven by appellant crossed in front of two police officers who were stopped at a stop sign in the City of St. Louis. Because of appellant's youthful appearance, the police officers stopped appellant and arrested him. The police officers made a check on the car and learned it was stolen.

Appellant asserts the trial court erred "in denying defendant's Motion for Mistrial after the jury was informed that defendant was charged with an alleged prior conviction because this violated defendant's right to be tried for the offense with which he was charged."

The following transpired at trial:

"Q   Would you state your name, please?

"A   John Tyson.

"Q   What is your business or occupation?

"A   Deputy court clerk.

"Q   In your capacity, who do you work for?

"A   Mr. George M. Solomon.

"Q   What is his position?

"A   Clerk of the Circuit Court for Criminal Causes.

"Q   In your capacity as a clerk for the Court for Criminal Causes, are you charged with the care, custody and control of the court's records?

"A   I am.

"Q   And are these records made during the normal course of the court's business?

"A   They are.

"Q   And are these records made at or about the times which are reflected in those records?

"A   They are.

"Q   At my request did you bring some court records with you today?

"A   I did.

"Q   Would you identify that, please?

"A   Official court file; Cause No. 73–904; Information; State of Missouri vs. Ronald Harris in Cause No. 73–904; on Information; State of Missouri vs. Ronald Earl Harris. The charge of one prior conviction and Operating a Motor Vehicle Without the Owner's Consent.

"MR. FREDMAN: I'm going to object, your Honor. I'd like to approach the bench.

"(The following proceedings were had at the bench outside the hearing of the jury:)

"MR. FREDMAN: Your Honor, unless I'm mistaken, up until now the jury did not know there was a prior conviction. With his reading that, the jury has now found out there was a prior conviction. Move a mistrial.

"THE   COURT:   Mistrial denied. Sustained and stricken from the record, the testimony of the witness concerning the prior conviction.

"MR. FREDMAN: I would like to say for the record that I base my objection on my client's 5th Amendment right not to be allowed—required to testify against himself.

"(After a conversation at the bench off the record among the Judge and the attorneys, proceedings were resumed within the hearing of the jury as follows:)

"THE COURT: The jury is instructed at this time to disregard the answer of the witness. The objection has been sustained and the witness' answer concerning the charge as read is stricken from the record. The jury is instructed to disregard it."

In *State v. Camper*, 391 S.W.2d 926, 927, 928 (Mo.1965), this Court said:

"The declaration of a mistrial is a drastic remedy, and the power of a trial court in this respect 'should be exercised only in extraordinary circumstances,' *State v. James*, Mo., 347 S.W.2d 211, or stated another way, a mistrial should be granted only when the incident is so grievous that the prejudical effect can be removed no other way. For this reason the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who has observed the incident giving rise to the request for a mistrial, and who is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal by action short of a mistrial. The proper function of an appellant court in the situation we have before us is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial, and in offering to strike the answer and instruct the jury to disregard it."

■ The trial court ordered the testimony of the witness concerning the prior conviction stricken from the record and instructed the jury to disregard it. We cannot say as a matter of law that the trial court abused its discretion in refusing to declare a mistrial. Appellant's assertion of error is without merit. Cf. *Evenson v. United States*, 316 F.2d 94 (8 Cir. 1963); *State v. Dennison*, 428 S.W.2d 573 (Mo. 1968).

Appellant next asserts that the "admission of testimony of Officer Messmer that defendant was given his Miranda warnings after his arrest and that he made no statement in response thereto resulted in manifest injustice and miscarriage of justice and was plain error, * * *."

The pertinent portion of the record on appeal reads as follows:

"Q What took place then, Officer?

"A After the car pulled to the curb at 4500 Enright, my partner and I alighted from the police vehicle and went up to the car and had this driver step outside of the auto, and I asked him for his driver's license, to which he stated he had no driver's license. At this time I advised him he was under arrest for no driver's license, and my partner advised him of his constitutional rights.

"Q All right. What, if anything, took place then, Officer?

"A The subject made no statement after being advised of his rights. And I asked him who the car belonged to and he said it belonged to his grandfather and made a pointing motion to a house about two doors down from our location and said his grandfather lived there and he would go up there and get him. The subject was under arrest, so I would not let him go up there. I kept him at the cars while my partner went to that address. They did not know him, so my partner came back to the car. He ran the serial number and the license number off the auto and it came back that both the car and license plates were reported stolen."

■ We have reviewed the facts and circumstances in this case and have concluded that manifest injustice did not result from the alleged error. Rule 27.20(c); *State v. Ellifrits*, 459 S.W.2d 293, 297 (Mo. banc 1970); Cf. *State v. Lovelace*, 461 S.W.2d 733, 735, 736 (Mo.1971).

Finally, appellant asserts the trial court erred "in finding appellant subject to sentencing under Section 556.280, R.S.Mo.1949 [sic], the Second Offender Act, because there was insufficient evidence identifying the appellant with the alleged prior conviction."

According to the record on appeal, Earl P. Harris entered a plea of guilty to the crime of operating a motor vehicle without the owner's consent on October 27, 1965, was sentenced to one year in the Workhouse of the City of St. Louis, and was placed on probation. However, there is nothing in the record to show that Earl P. Harris and Ronald Earl Harris are one and the same person. Appellant's assertion has merit.

■ Accordingly, as in *State v. Hill*, 371 S.W.2d 278 (Mo.1963), "the sentence herein is declared void, the judgment is reversed and the cause remanded with directions to the court to cause the defendant to be brought before it to hold a hearing on the issue of former conviction of defendant and if proved to pronounce sentence and judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the issue of former conviction be found in favor of defendant to grant him a new trial on all issues."

SEILER, C. J., MORGAN, BARDGETT, HENLEY and FINCH, JJ., and TURNAGE, Special Judge, concur.

RENDLEN, J., not sitting.