STATE of Missouri, Respondent,

v.

Lee A. HOY, Appellant.

No. KCD 28480.

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Motion for Rehearing and/or Transfer Denied July 31, 1978.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Lee M. Nation, Asst. Public Defenders for the Sixteenth Judicial Circuit, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant, having been found guilty of robbery in the first degree by means of a dangerous and deadly weapon and impressed with a sentence of twenty years

imprisonment, seeks reversal and remand for a new trial on three grounds: (1) error on the part of the trial court in failing to give MAI–CR 1.08 at all appropriate or required times; (2) error in permitting a police officer to testify on behalf of the state as to his investigation of a burglary in the vicinity of the robbery because it constituted evidence of another crime; and (3) error in permitting an evidence technician to testify on behalf of the state as to a revolver found under the front left seat of a car alongside which the robbery occurred because it constituted evidence of another crime or, alternatively, because it was unconnected with the crime for which defendant was standing trial.

Only minimal reference will be made to the evidence as its sufficiency stands unquestioned. During the afternoon of October 31, 1974, the victim was accosted by three men while standing alongside a Ford automobile in the vicinity of 40th and Cleveland, Kansas City, Missouri. Defendant and one of the accomplices brandished "pistols". During the encounter, defendant struck the victim with a pistol. Defendant and his accomplices then rifled through the victim's pockets and relieved him of his billfold. Shortly thereafter a police officer who was in the neighborhood investigating an unrelated burglary drove upon the scene at which time defendant and his two accomplices fled on foot. The Ford automobile was taken to police headquarters and later in the day, while being "processed" by an evidence technician, a ".22 caliber revolver" was found under the front left seat. Additionally, a 16 ounce Schlitz beer can containing defendant's fingerprints was found on the right rear floorboard of the Ford automobile. Defendant was subsequently apprehended, and unequivocally identified by the victim as one of the three perpetrators of the robbery.

 Defendant's first point is so lame that it cannot stand on appeal. Defendant candidly admits that at the trial level he failed to raise or in any manner question the trial court's failure to give MAI–CR 1.08[1] on all appropriate and required occasions. With equal candor he seeks review of the matter on appeal under the "plain error" provision of Rule 27.20(c). Defendant's argument for doing so is made in a vacuum as it totally ignores the fact that prior to the first recess taken by the jury, as well as prior to the only overnight recess taken, the trial judge orally instructed the jury in a manner which followed the spirit and substance of MAI–CR 1.08, although, concededly, he failed to follow MAI–CR 1.08 to the letter and, as well, failed to give any semblance of the instruction prior to two short recesses during which the jury was in the custody and presence of the bailiff and not permitted to separate. No one has alleged, much less demonstrated, any jury misconduct stemming from the presently complained of deviations or omissions which occurred with reference to MAI–CR 1.08. Absent some jury misconduct flowing therefrom, the deviations and omissions, although uncondoned, cannot be said to have been prejudicial. *State v. Minor*, 556 S.W.2d 35, 41 (Mo. banc 1977). It necessarily follows that if the referenced deviations and omissions charged to the trial judge were not prejudicial it would be illogical to hold that they resulted in "manifest injustice" or worked a "miscarriage of justice" within the contemplation of Rule 27.20(c), supra. Defendant's invitation to substantively treat his first point under the auspices of the "plain error" rule is declined.

 Defendant's second point is also beset with infirmity. The police officer who happened upon the robbery was called as a witness by the state. At the outset of his interrogation by the state he testified, without objection, that he had been dispatched to the general area to investigate a burglary. Parenthetically, the officer's investigation of the burglary accounted for his presence at the scene of the robbery.

---

1. Rule 20.02(a) provides in part that "[b]efore each recess or adjournment of the court, the court must read to the jury MAI–CR No. 1.08."

At this juncture, a colloquy occurred between defense counsel, counsel for the state and the trial judge during the course of which defense counsel advised the trial court as follows: "Now, if this police officer *is going to talk* about a separate and distinct crime and prejudice the record against this defendant about a separate and distinct crime, *I'm certainly going to ask for a mistrial.*" (Emphasis added.) Counsel for the state advised the court that his only purpose in asking the police officer if he had been dispatched to the general vicinity to investigate a burglary was to account for the officer's presence in the area at the time. Counsel for defendant responded to the explanation by saying, *"[w]ell, I'm going to have to object."* (Emphasis added.) Thereafter, the police officer made several innocuous references to the burglary he had been dispatched to investigate, for instance its location, his time of arrival and his actions in the area, none of which were objected to by defendant. It is clear from the record that the statements made by defense counsel during the aforementioned colloquy were in futuro in nature and did not profess to be present objections to anticipated testimony that might be forthcoming from the lips of the police officer. So viewed, the record is barren of any objections by defense counsel during trial to the presently complained of evidence. It is axiomatic that objections to evidence must be timely made during the course of trial in order to preserve any associated error for appellate review. *State v. Kelly,* 539 S.W.2d 106, 110 (Mo. banc 1976); *State v. Taylor,* 486 S.W.2d 239, 243 (Mo.1972); *State v. Lovelace,* 461 S.W.2d 733, 735 (Mo.1971), and *State v. Simmons,* 500 S.W.2d 325, 326 (Mo. App.1973). The mild, abstract nature of the police officer's testimony concerning the burglary which he was dispatched to investigate, divorced as it was from the robbery with which defendant stood charged, obviously accounts for the fact that defendant makes no claim that it resulted in "manifest injustice" or caused a "miscarriage of justice" so as to bring it within the saving grace of Rule 27.20(c).

Defendant's third and final point likewise fails to afford him any appellate relief. As previously noted, an evidence technician employed by the Kansas City Police Department, upon being called as a witness by the state, testified, over a timely objection lodged by defense counsel, that a ".22 caliber revolver" was found under the left front seat of the previously mentioned Ford automobile while it was being "processed" for evidence at police headquarters. After this brief, initial reference, the ".22 caliber revolver" was swallowed in silence. It was never offered or admitted as an exhibit, nor was it ever mentioned again during the ensuing evidence or closing arguments. Nor was any nexus ever established between defendant and the ".22 caliber revolver". There was not even the slightest hint that defendant was the owner of or in possession and control of the Ford automobile in which the weapon was found, that he was the owner of the weapon, that the "pistol" flourished by defendant during the robbery was discarded by him in the Ford prior to his fleeing the scene of the robbery, or that the weapon was even purported to be one and the same as the "pistol" wielded by defendant during the course of the robbery. In view of the single, isolated reference to the weapon, coupled with a paucity, albeit total lack, of evidence to connect it with the defendant, it is difficult, if not impossible, to believe that the complained of testimony so pointedly suggested defendant's participation in another crime as to arguably inure to his prejudice. The dichotomous nature of defendant's argument in support of his third and final point forcibly bears out this observation—in one breath defendant argues that the police officer's testimony as to the ".22 caliber revolver" improperly injected evidence of defendant's alleged participation in another crime and in the next breath he argues that it was inadmissible because it was never connected with either the robbery or defendant, i. e., that it was irrelevant, immaterial and lacking in probative value. As a broad, general principle, the admission of

irrelevant or immaterial evidence, otherwise free of prejudice, falls within the category of harmless error. *State v. Johnson,* 539 S.W.2d 493, 512 (Mo.App.1976), and *State v. Walden,* 490 S.W.2d 391, 393 (Mo. App.1973). The voids heretofore mentioned in the evidence disassociated defendant with the ".22 caliber revolver" as effectively as positive evidence to that effect, thus adding momentum to that side of defendant's mutually exclusive argument that the referred to evidence was irrelevant, immaterial and lacking in probative value. Proceeding on the theory that the isolated reference to the ".22 caliber revolver" was irrelevant and immaterial under the totality of the evidence at hand, it remains to be determined whether it was so highly prejudicial as to rise to the level of reversible error. Attaching a stigma of prejudice to weapons introduced into evidence which are never connected with an accused or the crime he is standing trial for flows from "sound psychological and philosophical principles". *State v. Wynne,* 353 Mo. 276, 182 S.W.2d 294, 300 (1944). If the weapon referred to in the instant case had been offered and admitted into evidence, and the jury's attention persistently drawn to it, this court would have no choice but to reverse and remand this case for a new trial under the prevailing law of the state as exemplified by cases such as *State v. Williams,* 543 S.W.2d 563 (Mo.App.1976). Notwithstanding the irrelevant and immaterial nature of the controversial evidence, any premature sense of compulsion to reverse and remand the instant case for a new trial is assuaged by the following circumstances which stand in silent persuasion against doing so: (1) only a passing reference was made to the weapon; (2) the weapon was never offered or introduced into evidence as an exhibit; (3) the weapon was never demonstratively revealed to the jury; and (4) the weapon was never subsequently mentioned, directly or by innuendo, during either the continuing presentation of evidence or the jury arguments. In view of the context in which this matter arose, the trial court appears to have logically assumed that the ".22 caliber revolver" mentioned by the evidence technician would subsequently be connected with both the defendant and the robbery. Abstractly speaking, as none of these connections were ever made, any mention of the weapon was devoid of probative value. Defendant singles out this sterile and isolated event and argues that it constitutes a conclusive incident of reversible error. His attenuated argument indifferently ignores or intentionally avoids consideration of certain attendant realities—the single, casual reference to the weapon was never repeated, emphasized or in anyway seized upon by the state to inflame or sway the jury—which greatly minimize the effect of any error associated with the hapless reference to the weapon, and which, at the very least, disarm the incident of prejudice. This view, buttressed by the fact that evidence of defendant's guilt was overwhelming, leads to the common sense conclusion that any error associated with reference to the weapon was harmless. Defendant's attempt to blow the hapless evidentiary event out of true proportion does not refute or alter this conclusion.

Judgment affirmed.

All concur.