STATE of Missouri, Respondent,

v.

Larry G. WICKIZER, Appellant.

No. WD 32432.

Missouri Court of Appeals,
Western District.

Oct. 26, 1982.

**850**

James L. McMullin, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C.J., Presiding, and DIXON and CLARK, JJ.

CLARK, Judge.

Larry G. Wickizer was convicted in a jury trial of offenses of sodomy and rape committed May 6, 1977 and he was sentenced by the court to concurrent terms of 35 years as a second offender.

The present conviction which is the subject of this appeal is the product of the third trial of Wickizer on the same charges. His first trial was aborted by reason of error in the introduction of evidence. The second trial, in November, 1977, resulted in conviction and on appeal, the conviction was affirmed. *State v. Wickizer,* 583 S.W.2d 519 (Mo. banc 1979). In that appeal, none of the issues now presented was raised. The third trial was required by relief granted under a post-conviction motion pursuant to Rule 27.26. Relevant statutes are therefore those current as of the date of the offenses. §§ 559.260, 563.230, and 556.280, RSMo 1969 (all repealed January 1, 1979).

Wickizer challenges the sufficiency of the evidence to sustain his conviction, thereby necessitating the recounting of the proof presented by the state to support the charges. The particulars of Wickizer's contention, as will hereafter appear, require only an outline survey of that evidence.

On the evening in question, the victim and a male companion drove to Lake Jaco-

mo and there joined a gathering of persons previously unknown to them, including Wickizer. At the latter's invitation, the victim went for a ride on Wickizer's motorcycle. After some thirty minutes of travel, Wickizer stopped the motorcycle and indulged in the sexual acts which formed the basis for the charges.

According to the victim, Wickizer threatened, struck and abused her to compel submission inflicting bruises and some lacerations. After completing the assault, Wickizer returned with the victim to the Lake Jacomo shelter house where the victim made her escape and, with the aid of passersby, was taken to the sheriff's office. The report of the offense was then made.

## I.

In his first point, Wickizer contends no submissible case was made on the testimony of the victim alone without some corroboration. He notes that no medical evidence was offered to confirm bruises or other external evidence of the blows the victim claimed she suffered and no proof was made of sexual penetration although the victim was examined at a hospital within hours after the encounter. Additionally, Wickizer asserts the victim's unsubstantiated claim of an assault was inherently suspect because she acknowledged having accompanied him voluntarily, made no attempt to escape earlier when a stop was made en route from the scene of the offense to the Lake Jacomo shelter house and the victim admitted smoking marijuana and using alcohol before the bike ride, facts she had denied at a former trial.

The requirement for corroboration in cases of sex offenses is not invoked to the absolute degree which appellant asserts. Indeed, convictions may be had in cases of rape on the uncorroborated evidence of the prosecutrix. *State v. Baldwin,* 571 S.W.2d 236 (Mo. banc 1978). It is only where the testimony of the victim is so contradictory and in conflict with physical facts, sur-rounding circumstances and common experience as to render its validity doubtful that corroboration is necessary. *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981). Corroboration evidence functions in rape or sodomy cases not by reason of an abstract requirement for that proof but to supply substantial evidence sufficient to warrant submission where the victim's testimony alone leaves the court clouded with doubt. *State v. Johnson,* 595 S.W.2d 774 (Mo.App.1980).

In the present case, the victim's testimony was not contradictory, inconsistent or contrary to common experience so as to be unsubstantial or improbable. The circumstances to which Wickizer directs attention, that the victim went riding with him voluntarily, her failure to cry out or attempt to escape earlier and her denial and later admission of the use of drugs and intoxicants were all factors which affected only her credibility, not the consistency of that proof. *State v. Jakoubek,* 619 S.W.2d 879, 880 (Mo.App.1981); *State v. Baldwin, supra.* The absence of confirmatory medical evidence was also an element for the jury to consider and was not unusual in a situation where the trial occurred more than two and one-half years after the event. Moreover, the victim's testimony was corroborated to some extent by the evidence of officers from the sheriff's department who confirmed her report of the assault in the early morning hours of the night in question and by the testimony of witnesses who observed grass stains on the victim's clothing, red marks on her face and her distraught and hysterical condition.

The evidence was adequate to sustain the state's burden of proof. The trial court did not err in overruling the defendant's motion for a judgment of acquittal.

## II.

In his second point, to which Wickizer devotes two paragraphs on one page of his brief, he contends he was entitled to a new trial because the grand jury which issued the original indictment in his case "did not contain a sufficient number of women."

We first note that this complaint was presented to the trial court in a supplemental motion for new trial filed January 16, 1981. There is no entitlement to present a supplemental motion for new trial filed after the maximum period of 25 days from the date on which the verdict is returned. Neither the agreement of the parties nor action by the court can waive this time limit. Any motion so filed is a nullity and preserves nothing for appellate review. Rule 29.11; *State v. Brown,* 615 S.W.2d 626 (Mo.App.1981).

Even were the supplemental motion not to be otherwise defective, Wickizer had already waived any challenge to composition of the grand jury. That issue must be presented in a pre-trial motion to quash the indictment or information. Failure to raise the issue prior to trial constitutes a waiver of any deficiencies in the makeup of the panel. *State v. Hemphill,* 460 S.W.2d 648 (Mo.1970).

Finally, Wickizer did not here attempt to sustain his burden of presenting evidence sufficient to establish a prima facie case of illegal and discriminatory selection of the grand jury. An identical challenge which did consider evidence as to the composition of the same 1977 Jackson County Grand Jury was rejected in *State v. Davidson,* 583 S.W.2d 208 (Mo.App.1979). Wickizer therefore has no factual basis for his complaint sufficient for review, nor could he as to the grand jury in question. His citation of *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) is inapposite.

### III.

In his final point, Wickizer contends the trial court erred in application of the second offender act, § 556.280, RSMo 1969 (now repealed). The situation developed in the following manner. At Wickizer's second trial in 1977, evidence of appellant's prior conviction for stealing a motor vehicle and his confinement in the penitentiary was offered during trial, and submission of the case and sentencing proceeded according to the second offender act. In the third trial, now under review, no proof of the prior conviction was attempted by the state until, on the date of sentencing, the state offered in evidence exhibits establishing the conviction and sentence for auto theft. Over Wickizer's objection, the exhibits were received and sentence was pronounced. The defect as to second offender proof had not been raised by Wickizer when the jury was instructed nor was it included as a point in his motion for new trial.

Inexplicably, when the subject was raised at the sentencing hearing, the trial court instructed Wickizer's attorney to file the amended or supplementary new trial motion mentioned in the preceding portion of this opinion, ostensibly to preserve the issue in the record. The trial judge then stated he considered himself bound by the finding relative to the second offender act in the previous trial and also considered himself obligated to impose the same sentence as had been pronounced after the second trial, that case having been heard by a different judge. In these conclusions, the judge was in error.

It is first of all necessary to consider the procedural details of the error resulting from failure of the state to adduce the second offender proof before submission, as the statute required. *State v. Wilwording,* 394 S.W.2d 383 (Mo.1965).

The information in lieu of indictment on which Wickizer was tried alleged Wickizer to be a second offender and described his previous conviction for auto theft. When the state rested without offering proof of this element of the charge, however, the consequence was an election by the state not to invoke the sentencing provisions of § 556.280, RSMo 1969 and the trial judge should have instructed the jury as to punishment.

Wickizer now argues that the error entitles him to a new trial, although he makes no claim that failure of the state to offer

second offender proof binds the state to that election on retrial. The state responds with the contention that retrial is not required because application of the second offender act is procedural and Wickizer waived any defect when he failed to object to the instructions at the time of submission and when the point was not presented timely in the new trial motion. Quite apparently, the issue has been clouded by the direction of the trial judge to defense counsel instructing him to file a supplemental new trial motion over protestation by the latter that the time for filing post-trial motions had expired.

In the reported cases to which our attention has been directed, the error under § 556.280, RSMo 1969 has been a deficiency in rather than a failure of proof as to the prior conviction of the accused. Thus, no theory of election could be argued and the possibility remained that proof of the previous offense or of the identity of the accused as the prior offender could not be made. Here, however, there is no doubt as to Wickizer's former conviction for auto theft. The state need merely offer the records produced at Wickizer's second trial. Indeed, there is merit to the state's argument that a remand of the case for second offender proof only treats form above substance. It is to be recalled, however, that the trial judge, by his own pronouncement, exercised no independent judgment as to sentence but reiterated the sentence imposed at the second trial. If not so bound, the possibility for a different sentence exists.

The most recent authority on this subject appears to be *State v. Harris,* 547 S.W.2d 473 (Mo. banc 1977). There, Harris was convicted of operating a motor vehicle without the owner's consent, being charged as a second offender by virtue of a previous conviction for the same offense. The record produced as to the previous conviction identified the defendant as Earl P. Harris whereas the accused in the present case bore the name Ronald Earl Harris. Be-

cause of this discrepancy, the court sustained Harris' claim that the trial court erred in finding him subject to sentencing as a second offender. In reversing the conviction, and in reliance on *State v. Hill,* 371 S.W.2d 278 (Mo.1963), the court declared the sentence pronounced against Harris to be void. The case was remanded with direction to the trial court to hold a hearing on the issue of the former conviction and, if proved, to pronounce sentence, but if not, to grant Harris a new trial on all issues.

In the present case, a remand for introduction of second offender proof does little more than duplicate the hearing actually conducted when Wickizer was sentenced, at least as to that proof. Such disposition also fails to recognize the contention that the state is not entitled to ignore with impunity the necessity for second offender proof before submission and yet have the charge redeemed by a remand for this limited purpose. We are, however, unable to perceive any distinction between a sentence which is void because of inadequate proof, as in *State v. Harris, supra,* and one which is void because there was no proof at all.

The holding in *State v. Harris, supra,* is therefore construed to bind this court to the same disposition. The sentence pronounced against Wickizer is declared void, the judgment is reversed and the cause is remanded with direction to cause the defendant to be brought before the court to hold a hearing on the issue of defendant's former conviction and, if proved, the court is directed to pronounce sentence without regard to any prior sentence imposed in the former trials. In the alternative, if the issue of former conviction be found in favor of defendant, the court is directed to grant him a new trial on all issues.

For the reasons stated, the judgment is reversed and the cause is remanded for the proceedings directed herein.

All concur.