STATE of Missouri, Respondent,

v.

Aaron SMITH, Appellant.

No. 12929.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 25, 1984.

**664**

John P. Heisserer, Arnold and Heisserer, Benton, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant, found guilty by a jury of the class A felony of robbery in the first degree, § 569.020, RSMo 1978, was sentenced as a prior offender by the court to 15 years' imprisonment. Appellant does not challenge the sufficiency of the evidence to support the verdict, consequently we need not summarize it. We have, however, reviewed the record, accepting as

true all evidence and inferences that tend to support the verdict, disregarding all evidence and inferences to the contrary, and viewing the evidence in the light most favorable to the State. *State v. Bolder*, 635 S.W.2d 673, 679[1] (Mo. banc 1982). So viewed, we find the evidence sufficient to support a finding that appellant, acting in concert with one Melvin Parrow, committed the offense charged: robbery of two employees of Coleman's Barbecue, in Cape Girardeau,[1] on December 10, 1981.

Appellant's three points are directed to the prior offender procedure.

Trial occurred April 20, 1982. The information alleged that appellant had previously pleaded guilty to the felony of attempted burglary in the second degree in the Circuit Court of Cape Girardeau County on or about December 25, 1980.

No hearing was held on the prior offender issue until the court was in the midst of instructing the jury prior to final arguments. The court had read five instructions,[2] and was reading a sixth,[3] when the court called counsel to sidebar and pointed out the oversight.

After a brief bench conference, the court recessed the jury and conducted a hearing at which the prosecutor offered one document in support of the prior offender allegation. That document was a "docket sheet" (Exhibit A) from the Circuit Court of Cape Girardeau County showing that an information was filed against one Aaron Smith on January 19, 1981, in case number CR580–673FX–A, hereafter called "the prior case" to differentiate it from the instant case. Exhibit A further showed that an amended information was filed in the prior case on February 25, 1981, and on that day Aaron Smith appeared with counsel and entered a plea of guilty to the amended information. Aaron Smith was "found guilty as charged," and a presentence investigation was ordered.

No copy of the original information or the amended information in the prior case was offered during the hearing on the prior offender issue. The only clue to the charge to which the guilty plea was entered was a notation at the top of Exhibit A stating: "BURGLARY, Second Degree Class C Felony, amended to Class D."

The next entry on Exhibit A was April 6, 1981. On that day, Aaron Smith appeared with counsel and was sentenced to three years in the "State Department of Corrections." Execution of sentence was suspended and probation was granted.

The court pointed out that Exhibit A did not show "what the man pled guilty to." Additionally, the court observed that the prior offender allegation in the instant case stated the plea was entered in the prior case on or about December 25, 1980 (Christmas Day). This was at odds with Exhibit A, which showed the plea was entered February 25, 1981.

Counsel thereafter argued whether Exhibit A was sufficient to prove the prior offender allegation, with the prosecutor declaring he would "be happy to take that risk."

The court (evidently convinced that appellant was the Aaron Smith in the prior case) found that appellant was sentenced to the Department of Corrections for three years on April 6, 1981. The court then took judicial notice that appellant could not have been so sentenced unless he had entered a plea of guilty to, or been found guilty of, a felony. The court made no finding as to what that felony was, concluding such was unnecessary.

The prosecutor then requested leave to amend the information in the instant case to show that the sentencing in the prior case had occurred April 18, 1980. Apparently realizing that date was incorrect

---

1. The cause was tried in Bollinger County on change of venue.

2. MAI–CR 2d 2.03, 33.00 (defining robbery in the first degree and serious physical injury), 2.10, 2.12 and 3.06 (conversing 2.12).

3. MAI–CR 2d 2.64 (telling the jury that the court would assess imprisonment within the allowed range if the jury found appellant guilty).

(both as to day and year), the court announced the amendment would be allowed to show the date "April 6th," in lieu of December 25, 1980. If the court intended by this to substitute the date April 6, 1981, for the date December 25, 1980, where the latter appeared in the prior offender allegation, the effect was to allege the plea of guilty in the prior case was entered April 6, 1981. Exhibit A, as noted earlier, shows the plea was entered February 25, 1981. It was the *sentencing* that occurred April 6, 1981. This, however, went unnoticed, and the jurors were returned to the courtroom.

The court finished reading the instruction that was being read when the recess was taken, and read four others.[4] The issue of punishment was not submitted to the jury. The jury retired, deliberated and returned the verdict. In due time, appellant's motion for new trial was denied, allocution was granted, and sentence was imposed.

Appellant's first point asserts the trial court erred in interrupting the reading of the instructions to hold the prior offender hearing. Appellant moved for a mistrial when that occurred, but his motion was denied. He argues it should have been granted because the interruption (a) violated the requirement that the final instructions be read together, (b) offended the requirement that the jury not be instructed until the close of the State's evidence, (c) allowed the jurors to speculate on appellant's guilt during the recess, in that they had heard the verdict directing instruction before the interruption, but not the instructions on burden of proof, presumption of innocence, reasonable doubt, right not to testify, and accusation of crime creating no inference of guilt, and (d) was not preceded by the cautionary instruction, MAI–CR 2d 1.08(b).

■ In considering these complaints, we first note that declaration of recesses is part of the conduct of a trial and within the trial court's discretion. *State v. Cook*, 637 S.W.2d 110, 111[2] (Mo.App.1982). An ap-

pellate court will not interfere with the exercise of that discretion unless it is clearly abused. *State v. Green*, 534 S.W.2d 600, 604[4] (Mo.App.1976).

■ Appellant cites no case holding it is error for a trial court to declare a recess while instructing the jury, and we find none. Indeed, a rule prohibiting a recess during that phase could prove troublesome because, as any experienced trial judge knows, recesses at unexpected moments are sometimes necessary for the personal comfort of someone participating in a trial.

The record before us does not reveal the length of the recess; however, the prior offender hearing occupies only 10 pages of the transcript and there is nothing to indicate the delay was excessive. After the recess, the judge resumed the instructions at the point where he had stopped when the recess was called. No instruction was repeated.

While recognizing the desirability of the jury receiving the instructions without interruption, we find no abuse of discretion in the circumstances here. We reject argument "(a)" of appellant's first point.

■ In argument "(b)," appellant asserts the proper time to instruct the jury is at the close of all the evidence, citing Rule 28.02(a), Missouri Rules of Criminal Procedure (13th ed. 1982). We agree, but fail to see how appellant was prejudiced by the trial court hearing evidence on the prior offender issue after commencing the instructions. The jury had heard all of the evidence on the issues it had to decide before the court began the instructions; the jury heard no evidence thereafter. Thus, so far as the jury is concerned, the instructions came after the evidence was closed. The violation of Rule 28.02(a), if any, was therefore harmless. Harmless error is not grounds for reversal. *State v. Walker*, 484 S.W.2d 284, 286[6] (Mo.1972). Argument "(b)" is without merit.

■ As to argument "(c)," we believe the fact that the jurors heard the verdict

<hr/>

**4.** MAI–CR 2d 2.20, 3.76, 2.80 and 2.68.

directing instruction before the recess would not cause them to be any more likely to speculate on appellant's guilt during the recess than at any other time during the trial. Before the recess, the jury heard MAI–CR 2d 2.03, which explained that they must not single out certain instructions and disregard others and that all of the instructions would be given to them for use during their deliberations. It was thus evident when the recess was taken that the jury would receive further instructions and that the issue of guilt or innocence had not yet been submitted for their determination. We find argument "(c)" unpersuasive.

▮▮▮ Regarding argument "(d)," we note that appellant made no objection at trial to the court's failure to give MAI–CR 2d 1.08(b) at the time the recess was taken, nor did appellant assign the matter as error in his motion for new trial. Where a defendant makes no objection to the giving of or the failure to give an instruction, either at trial or in a motion for new trial, he has not preserved for review any error occasioned thereby. *State v. Martin,* 620 S.W.2d 54, 55[2] (Mo.App.1981). Our review, therefore, is limited to examination for manifest injustice. *State v. Mitchell,* 611 S.W.2d 223, 226[4] (Mo. banc 1981).

▮▮▮ It appears the jury was sequestered during the recess, and appellant has not attempted to demonstrate any juror misconduct stemming from the court's omission of MAI–CR 2d 1.08(b). Absent jury misconduct, the omission cannot be deemed prejudicial or manifestly unjust. *State v. Hoy,* 570 S.W.2d 697, 698 (Mo.App.1978).

Having found no merit in any of appellant's arguments in support of point 1, we deny it.

Appellant's second point says the court erred in receiving evidence on the prior offender issue after commencing the instructions because § 558.021.2, RSMo 1978, as amended by Laws 1981, p. 637, requires the hearing on the prior offender issue to be held prior to the submission of the cause to the jury. Appellant, citing *State v. Wilwording,* 394 S.W.2d 383 (Mo.1965), argues the cause was submitted when the court began reading the instructions.

▮▮▮ *Wilwording* involved the Second Offender Act, § 556.280, RSMo 1959, which, like the statute here, required the hearing on the second offender issue to be held prior to submission of the case to the jury. *Wilwording* holds that "submission," as used in the statute there, means that time when a case is turned over to the jury for its decision under the instructions of the court. 394 S.W.2d at 386–87[1]. It is then, and only then, that the issues are submitted and the jury is told that it shall decide either guilt or innocence and punishment, or that it shall merely decide guilt or innocence. *Id.* That stage had not been reached when the court conducted the hearing on the prior offender issue in the instant case. Appellant's reliance on *Wilwording* is misplaced.

▮▮▮ Appellant also argues in point 2 that the State, by resting its case without offering evidence on the prior offender allegation, elected not to invoke the prior offender procedure, thus he was entitled to have his sentence assessed by the jury. In support of this contention, appellant lifts the following language from *State v. Wickizer,* 641 S.W.2d 849, 852 (Mo.App.1982): "When the state rested without offering proof of this element of the charge [the second offender allegation], however, the consequence was an election by the state not to invoke the sentencing provisions of § 556.280, RSMo 1969 and the trial judge should have instructed the jury as to punishment."

The excerpt from *Wickizer* must be read in the context of what occurred there. The Second Offender Act, at the time of *Wickizer,* did not require the State to present evidence of the prior conviction before resting its case. The Act required only that such evidence be presented prior to submission of the case to the jury. § 556.280(2), RSMo 1969. In *Wickizer,* no evidence of the prior conviction was offered before the case was submitted to the jury. Nonetheless, the trial court submitted to the jury only the issue of guilt or innocence. Evi-

dence establishing the prior conviction was not offered until the sentencing hearing, following the verdict.

The excerpt from *Wickizer,* standing alone, is therefore misleading, inasmuch as that case did not turn on the failure of the State to present evidence of the prior conviction before resting, but rather on the failure to present such evidence before the case was submitted to the jury.

A case more nearly resembling the instant case is *State v. Gilyard,* 523 S.W.2d 564 (Mo.App.1975), which also involved the Second Offender Act, § 556.280, RSMo 1969. In *Gilyard,* the State rested its case without presenting evidence of the prior conviction. Thereafter, the trial court permitted the State to present such evidence in chambers before the case was submitted to the jury. *Gilyard* held that, in effect, the trial court granted leave to the State to reopen, a discretionary ruling. 523 S.W.2d at 568. The Court of Appeals found no prejudice to the defendant, and upheld the trial court.

The same rationale applies here. The evidence on the prior offender issue was presented before the case was submitted to the jury. That is all the statute requires. We reject appellant's contention that the State's failure to offer evidence on the prior offender allegation before resting constituted an election not to invoke the prior offender procedure. We further observe that appellant has shown no prejudice resulting from the court's failure to hold the prior offender hearing earlier in the trial. Point 2 is denied.

Appellant's third point asserts the trial court erred in finding him to be a prior offender. Appellant attacks the finding on three grounds, one of which is that the evidence did not prove he was convicted of a crime "known to The Missouri Criminal Code." Appellant argues—and we agree— that on February 25, 1981 (the date of the guilty plea in the prior case), there was no Missouri crime designated "BURGLARY, Second Degree Class C felony, amended to Class D." There was, of course, a class C felony designated burglary in the second

degree (§ 569.170, RSMo 1978), and a class D felony designated attempt to commit burglary in the second degree (§§ 564.011.-1, 011.3(3) and 569.170, RSMo 1978). Exhibit A, however, does not show that appellant pleaded guilty to either of those felonies, or to any other that we can ascertain. Appellant contends this is fatal, insisting that the State was required to prove the identity, by name, of the crime to which the plea of guilty was entered.

The relevant statute, § 558.021, RSMo 1978, as amended by Laws 1981, p. 637, provides, in pertinent part:

1. The court shall find the defendant to be a prior offender ... if

(1) The ... information ... pleads all essential facts warranting a finding that the defendant is a prior offender ...; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender....

A prior offender is one who has pleaded guilty to or has been found guilty of one felony. § 558.016.2, RSMo 1978, as amended by Laws 1981, p. 636.

A crime is a felony if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year. § 556.016.2, RSMo 1978.

The State contends that Exhibit A proved beyond a reasonable doubt that appellant was a prior offender because there are class D felonies in Missouri (§ 557.016.1(4), RSMo 1978), and the three year sentence makes it clear that the guilty plea was entered to a felony. § 556.016.2, RSMo 1978. The State asserts that the entries on Exhibit A are a "less direct way of stating that appellant was sentenced to a three year imprisonment term for attempted burglary in the second degree." We note, however, that the trial court did not find what crime the plea of guilty had been entered to; the trial court found only that it must have been a felony because of the sentence.

■ We do not believe it is sufficient for the purpose of the prior offender procedure that the State simply show that the defendant, on a prior occasion, was sentenced to a term of imprisonment in excess of one year. We recognize that when a sentence of three years' imprisonment is assessed, an assumption can be made that the crime was a felony, inasmuch as imprisonment exceeding one year is authorized only for a felony. § 558.011.1, RSMo 1978. However, we do not believe such an assumption satisfies the statutory requirement that the proof warrant a finding beyond a reasonable doubt that defendant pleaded guilty to or was found guilty of a felony.

MACH–CR 2.30.1 [1983 Revision], the approved form for charging a defendant as a prior offender, provides that, among other things, the name of the prior felony be included in the allegation. True, that form had not been approved at the time of appellant's trial; however, a similar requirement was then in effect as to persistent offenders and dangerous offenders. MACH–CR 2.30, 1–10–79. If the name of the prior felony need not be proved, we see no purpose in requiring it to be alleged.

Moreover, we have found no case, and none has been cited to us, in which application of the prior offender procedure, or its predecessor, the second offender procedure (§ 556.280, RSMo 1969), has been upheld absent proof of the identity of the prior felony. Minor variances between the allegation and the proof in second offender cases have occasionally been allowed, *State v. Hill*, 396 S.W.2d 563 (Mo.1965) (allegation of imprisonment in the penitentiary, proof of imprisonment in the reformatory) and *State v. Franklin*, 547 S.W.2d 849 (Mo.App.1977) (allegation of conviction of assault with intent to rob with malice aforethought, proof of conviction of assault with intent to rob without malice), as have minor variances in persistent offender cases, *State v. Quick*, 639 S.W.2d 880 (Mo.App.1982) (discrepancy between allegation of date of prior conviction and proof of date), and *State v. Cullen*, 646 S.W.2d 850 (Mo.App.1982) (discrepancy between allega-tion of date of prior conviction and proof of date). However, in each of these cases there was evidence identifying the prior felony by name.

■ We hold that Exhibit A was insufficient to warrant a finding beyond a reasonable doubt that appellant had pleaded guilty to or been found guilty of a felony. The trial court erred in so finding.

Appellant also argues that the court's finding on the prior offender issue lacked the specificity required by § 558.021.1(3), RSMo 1978, as amended by Laws 1981, p. 637, and that the finding was not in conformity with the prior offender allegation in the information. Because of the disposition hereafter ordered, we need not address those complaints.

As to disposition, we note that in cases where a defendant has been sentenced under the Second Offender Act and the State's evidence has thereafter, on appeal, been ruled insufficient to establish an element required to invoke the Act, the disposition has been to remand the case with directions that the trial court cause the defendant to be brought before it, and hold a hearing on the prior conviction issue. If, at such hearing, the conviction be proved, the trial court has been directed to pronounce sentence; if the conviction be not proved, the trial court has been directed to grant the defendant a new trial on all issues. *State v. Harris*, 547 S.W.2d 473, 476[3] (Mo. banc 1977); *State v. Hill*, 371 S.W.2d 278, 283 (Mo.1963). Indeed, such disposition has been ordered when the State presented no evidence whatsoever on the second offender issue prior to submission to the jury. *Wickizer*, 641 S.W.2d 849.

We recognize an argument can be made that the State should not have a second opportunity to make its proof, *see Cullen*, 646 S.W.2d at 855–59; however, we believe we are bound to follow the procedure ordained by the Supreme Court of Missouri in *Harris* and *Hill*, as we recently did in a persistent offender case, *State v. Lee*, 660 S.W.2d 394 (Mo.App.1983).

The sentence is declared void, the judgment is reversed, and the cause is remanded. The State is granted leave to amend the prior offender allegation to allege the plea of guilty was entered February 25, 1981. The trial court is directed to cause appellant to be brought before it, and to hold a hearing on the prior offender issue. If the prior offender allegation be proved, the trial court is directed to make the appropriate findings and to pronounce sentence on appellant. If the prior offender allegation be not proved, the trial court is directed to grant appellant a new trial on all issues.

GREENE, C.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.