**STATE of Missouri, Respondent,**

v.

**Donald HARDEN, Appellant.**

**WD 39471.**

Missouri Court of Appeals, Western District.

April 26, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before COVINGTON, P.J., and SHANGLER and TURNAGE, JJ.

PER CURIAM.

Harden was convicted of escape from confinement and sentenced as a persistent offender to ten years' imprisonment, with the term to be served consecutively to an earlier sentence. The conviction was the result of a jury trial at which Harden served as his own counsel. He now appeals and presents four claims of trial court error: (1) denial of his motion for particulars as to the petit and grand jurors' qualifications; (2) denial of his objection to the petit jury panel; (3) allowing him to proceed to trial unrepresented by counsel; and (4) denial of his objection to the court's failure to arraign him pursuant to Rule 24.01.

The judgment is affirmed.

The sufficiency of the evidence is not called into question by this appeal. Accordingly, a brief description of the offense will suffice. On the day of the offense, Harden, an inmate at the Missouri State Penitentiary, was to testify in behalf of another inmate at a proceeding in the Cole County Circuit Court. While held at the county jail, he managed to partially remove his restraints and run out of the jail. He was observed, however, and he was quickly apprehended a short distance from the jail.

Prior to trial, Harden indicated his desire to represent himself and the court held two hearings to determine whether to allow him to proceed without counsel. At the first hearing Harden was both adamant in his decision to represent himself, and stated that he did not understand the charge. In the discussion of the matter with the court Harden admitted that he knew what escape was but he continued to express confusion. He explained his confusion thusly: "the preponderance of the evidence tends to show that I did not escape. So therefore I don't understand why I'm being charged with escape ... I would understand the charge if it would be attempted escape." The proceedings were inconclusive and so were adjourned. At a second hearing, Harden presented the court with a signed waiver of counsel form. The form included a provision stating that Harden understood that he was charged with the offense of escape from confinement. After informing Harden of his rights and the disadvantages of proceeding pro se and questioning him regarding his education and ability to represent himself, the court accepted his waiver of counsel.

When the cause originally went to trial, a mistrial was declared due to the inadvertant impanelment of a venireperson who had been struck for cause. During the intervening period before the matter was scheduled for a new trial, Harden filed numerous pretrial motions including a motion seeking authorization to interview members of the grand jury and petit jury associated with his case or, alternatively, disclosure of particulars as to their qualifications in terms of representing a fair cross-section of the community. The motion was denied but the court explained the selection process to Harden and told him he could obtain the information he sought by writing the clerk of the court. Following jury selection on the day of trial, Harden renewed his motion to interview the jurors or obtain disclosure of their qualifications and objected to the array of the jury. His objection was overruled.

Harden then pointed out that he had not been properly arraigned on the charge. He

objected when the court indicated an intent to conduct arraignment at that time, citing his continued confusion about the charge. When challenged by the court, Harden admitted that he understood that the charge was escape but he expressed confusion over the evidence. The court noted that the waiver of counsel hearing, wherein Harden had indicated his awareness of the charge, had covered more than an arraignment would have covered and the court then proceeded with formal arraignment over Harden's objection that the court lacked jurisdiction.

At the outset of review, we note that a defendant who chooses to represent himself is held to the same standard as a licensed attorney in terms of compliance with the technical rules of substantive law, criminal procedure and evidence. *See State v. Quinn*, 565 S.W.2d 665, 676–77 (Mo.App.1978). Here, Harden was warned numerous times that he was entitled to no special indulgence as a layman and the court repeatedly offered to provide him with counsel but, as stated, he refused to accept representation.

His first point on appeal alleges that the trial court erred in denial of his motion for particulars as to the jurors' qualifications of both the grand and petit jurors. He maintains that he was thus deprived of the opportunity to establish that the grand and petit juries were not drawn from a source fairly representative of the community and that he was thereby punished for exercising his right of self-representation. Specifically, he asserts that the refusal by the court to provide him with census data and the lists of the grand jurors deprived him of the only means of access to such information available to him as an inmate.

As the record stands, the trial court's response to the Harden request for demographic data could not have been erroneous, given the absence of an underlying challenge to the jury selection process.[1] A challenge to the composition of the grand jury must be presented in a pretrial motion to quash the indictment. *State v. Hemphill*, 460 S.W.2d 648, 649–50 (Mo.1970); *State v. Wickizer*, 641 S.W.2d 849, 852 (Mo.App.1982). Failure to raise the issue prior to trial constitutes a waiver of any deficiency in the makeup of the panel. *Id.* Harden's failure to file a motion to quash in the second trial waived any right he had to challenge the grand jury composition.[2] He also failed to properly challenge the composition of the petit jury since his only objection was to the jury in his own case, rather than to the entire jury venire.[3] The second claim on appeal is that this objection was improperly denied. There is no requirement that the petit jury selected in a particular case mirror the community. *See State v. Blair*, 638 S.W.2d 739, 753 (Mo. banc 1982). Indeed, the fair cross-section requirement does not extend to the petit jury, either as fully qualified or as to any intermediate stage of qualification. *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 1764–65, 90 L.Ed.2d 137 (1986). Accordingly, the trial court did not err in overruling the objection to the jury and, without the proper underlying challenges, the question of whether the trial court

---

1. Here, it should be noted that while a motion to quash the indictment on the grounds of improper selection and composition of the grand jury was filed in the first trial, that motion did not carry over to the second trial. Where a mistrial is granted, the previous trial is a nullity and the second trial proceeds as if there had been no prior trial. *United States v. Akers*, 702 F.2d 1145, 1148 (D.C.Cir.1983); 24 C.J.S. *Criminal Law* § 1426 (1961). Accordingly, motions filed in the first proceeding and any rulings thereon have no bearing on the subsequent proceedings. *Akers*, supra, and cases cited therein. This being the case, Harden's reference in his appellate brief to a motion to quash filed in the case is meaningless for purposes of this appeal as that motion applied only to the first trial.

2. We note that this matter would have been deemed abandoned even if the first trial had proceeded in that the motion filed there was never ruled upon. *See State v. Cole*, 662 S.W.2d 297, 302 (Mo.App.1983).

3. Harden's objection, which came after the strikes for cause had been made but before the peremptory strikes were exercised, was based on the fact that the remaining venirepersons were white. Inasmuch as *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), relates only to discriminatory peremptory strikes, it does not impinge on the objection lodged here nor upon our disposition of the objection.

erred in denying the motion for disclosure is not raised and requires no further review.

Harden next argues that the trial court erred in granting his request to proceed pro se because he was unable to understand the charge. The record, showing numerous acknowledgments of his understanding of both the fact that he was charged with escape from confinement and the essential elements of that offense, refute this claim. It is true that during the pretrial proceedings Harden repeatedly asserted he did not understand the charge, but what a review of the context of such statements makes apparent is that he disagreed that the evidence, as he viewed it, warranted either the charge or conviction on the charge. His expressions of confusion served to question the sufficiency of the evidence to support a charge of escape rather than attempted escape. As the trial court attempted to explain to Harden, his agreement or disagreement with the allegation was irrelevant—the burden of proof rested with the prosecution and if that burden was not met, he would go free. With regard to the question of Harden's competency to serve as his own counsel, it was important only that he understand the charge not that he concede its evidentiary support. This point is denied.

As his final complaint, Harden alleges that the trial court erred in overruling his objection to the court's failure to conduct an arraignment as required by Rule 24.01. Inasmuch as Harden was in fact arraigned, this point presents nothing for our consideration. The basis of the argument is that the court failed to give him an opportunity to enter a plea. He apparently overlooks the fact that, following his objection to the court's proposal to enter a plea of not guilty on his behalf, the court inquired of him, "Do you want to plead now or do you want to remain silent?" This point is denied.

The judgment is affirmed.