STATE of Missouri, Respondent,

v.

Avery L. NEWMAN, Appellant.

No. KCD 29839.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Rehearing Denied April 3, 1979.

Breon & Leffler, Warrensburg, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Avery Newman was convicted of stealing cattle over a value of $50, §§ 560.156 and 560.161, RSMo 1975 Supp. Following a jury trial he was sentenced to ten years imprisonment.

On this appeal Newman contends the court erred in allowing witnesses to refer to the same exhibit after the rule excluding witnesses had been invoked, admitting an exhibit, and overruling his motion for directed verdict at the close of the State's evidence. Affirmed.

In January, 1976, Newman inquired of Richard Mallinson if he knew of any cattle to steal. Mallinson and Newman later went to a farm and observed some cattle in a field. Mallinson later returned to the scene to cut the fences in order to remove the cattle. That evening Newman and Mallinson returned to the farm and loaded three head of cattle into Mallinson's truck but found they needed a larger truck, so Newman returned to town and hired a truck. Newman returned to the farm with the hired truck and assisted Mallinson in loading the cattle. When the truck was loaded the trucker was instructed to take the cattle to the Kansas City Stockyards. The first load was put in the name of Mallinson; Newman wrote his name and address on an envelope and gave it to Mallinson with instructions that the second load be put in Newman's name. The value of the cattle taken was $15,000.

Newman first complains of the ruling of the court which allowed some of the State's witnesses to successively use the same exhibit and initial their markings which indicated the point where fences were cut and various other activities connected with the stealing. Newman contends this effectively abrogated the rule imposed by the court at his request to exclude witnesses from the courtroom. The practice of excluding witnesses from the courtroom rests in the sound discretion of the court and whether a witness who has violated the rule should be permitted to testify is also within the sound discretion of the court. *State v. Lord,* 286 S.W.2d 737, 741[13, 16] (Mo.1956). Here, Newman contends that subsequent witnesses who observed the markings already on the exhibit were able to conform their testimony to that given by previous witnesses. However, Newman asserts this as a conclusion without demonstrating that any witness actually did so conform his testimony. A review of the testimony and markings made on the exhibit fails to show that any witness conformed his testimony to that previously given. In only one instance did the factual issue to which a subsequent witness testified while referring to the diagram concern an identifiable marking made by a prior witness. The prior witness had marked and initialed the drawing at the point where he stated the fence was cut. The subsequent witness showed where and how he had cut the fence. However, the precise location of the cut in the fence was not a material issue in the case. In that circumstance, the action of the court in allowing the exhibit to be used by more than one witness was not an abuse of discretion.

This precise issue has been passed upon in *People v. Ketchel,* 59 Cal.2d 503, 30 Cal. Rptr. 538, 550–51[18], 381 P.2d 394 (1963), where the court held that use of the same exhibit by more than one witness when markings had previously been made on the exhibit constituted a limited relaxation of the exclusionary order as to witnesses and rested within the sound discretion of the court. This court, adopting the reasoning in *Ketchel,* holds the limited relaxation of the exclusionary rule by permitting several witnesses to use the same exhibit was within the sound discretion of the court and no abuse has been shown.

Newman next asserts the court erred in admitting Exhibit II, a torn piece of envelope with Newman's name and address written on it, which was admitted after Mallinson testified Newman wrote his name on the paper and gave it to him. Newman contends the exhibit is irrelevant and immaterial to any issue at trial. However, Mallinson testified Newman gave him the paper for use in having the second truck load of cattle shipped to the stockyards in

Newman's name. Newman later admitted in cross-examination that the writing on the paper was his.

 The question of relevancy is left to the discretion of the trial court and any ruling thereon will be disturbed only on a showing of a clear abuse of such discretion. *State v. Lee*, 556 S.W.2d 25, 31–32[10–12] (Mo. banc 1977) [reversed on other grounds by the Supreme Court of the United States, *Lee v. Missouri*, —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979)]. *Lee* also held that evidence is relevant if it corroborates evidence which is relevant and bears on the principal issue. Here, the exhibit corroborates the testimony of Mallinson that Newman wrote his name for Mallinson's use in having the cattle shipped in Newman's name. The exhibit was properly admitted.

 Newman's final point alleges the court erred in failing to sustain his motion for directed verdict and judgment of acquittal at the close of State's evidence. However, the transcript which was approved by Newman's counsel fails to show that any motion was filed at the close of the State's evidence. Even if such motion had been filed, Newman offered evidence and thereby waived any claim as to a motion for acquittal at the close of the State's case. *State v. Marshall*, 571 S.W.2d 768, 773[13, 14] (Mo.App.1978).

The judgment is affirmed.

All concur.