**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert E. CALDWELL,
Defendant-Appellant.**

**No. 43570.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Rehearing Denied April 16, 1982.

---

Fredman, Fredman & Kopf, Richard A. Fredman, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Steven H. Akre, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Chief Judge.

Robert E. Caldwell, appellant, appeals his conviction in the Circuit Court of the City of St. Louis following a jury trial on the charge of Rape, § 566.030 RSMo.1978,[1] and sentence of thirteen years in the custody of the Missouri Department of Corrections.[2] We affirm.

On appeal, appellant contends that the trial court erred (1) in denying his motion for judgment of acquittal at the close of the state's evidence, for the reason that the state failed to make a submissible case because of the conflicting nature of the testimony of the victim and a police officer witness; (2) in sustaining the prosecutor's objection to appellant's counsel's argument that a second man could have been present at the scene, and (3) in failing to sustain appellant's objection to the prosecutor, in final argument, arguing relative to a police officer's killing because this line of argument went beyond the scope of the evidence and was made to inflame the jury against him.

The state's evidence was that the prosecuting witness was raped by the appellant in a gangway between two flats on North Euclid Avenue in the City of St. Louis sometime between 1:30 a.m. and 2:30 a.m. on March 15, 1980, and that the rape was interrupted when two St. Louis police officers responded to the prosecutrix's screams. The appellant fled from the scene but was taken into custody by the two police officers within minutes after making good his escape as he was crouching alongside a ga-

---

1. All statutory references are to RSMo.1978.

2. The jury assessed punishment at 10 years. The trial court found that appellant was a "persistent offender" as that term is defined in § 558.016.2, after a sentencing hearing required by § 558.021.1, and imposed a sentence of 13 years in the custody of the Missouri Department of Corrections pursuant to § 558.016.4(1).

rage in an adjacent backyard. The prosecutrix identified him as the person who raped her a few minutes after he was taken into custody and also at trial. The prosecutrix was corroborated by one of the police officers who testified that he had a good look at the appellant's left profile as the appellant dismounted from the prosecutrix, pulled up his pants and vaulted a nearby fence in an effort to escape.

■ Appellant waived any error there may have been in the denial of his motion for judgment of acquittal at the close of the state's evidence when he put on evidence after said ruling. *State v. Gardner*, 600 S.W.2d 614, 619[7] (Mo.App.1980); *State v. Newman*, 579 S.W.2d 678, 680[5] (Mo.App. 1979); *State v. Marshall*, 571 S.W.2d 768, 773[13] (Mo.App.1978).

■ Even if we were to conclude that the trial court unduly restricted appellant in arguing his "second man" theory, *State v. Dickson*, 596 S.W.2d 482, 485[2] (Mo.App. 1980), we believe the presumptive prejudicial effect of such an error was overcome by the strength of the prosecution's case, *State v. Degraffenreid*, 477 S.W.2d 57, 65[15] (Mo. banc 1972).

■ The objection to the prosecutor's argument relative to a police officer being killed was not sufficiently specific to inform the trial court of the grounds of said objection in violation of the Rule in Missouri that specific objections are required to arguments and must call the attention of the court to the ground or reason for the objection. *State v. Lang*, 515 S.W.2d 507, 511[6] (Mo.1974). Even had this objection been specifically sufficient, the prosecutor's argument was in retaliation to defense counsel's argument criticizing one of the police officers who came upon the scene for not pouncing on the rapist and restraining him so he could not flee the scene.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.