STATE of Missouri, Respondent,

v.

Danny Lee GREENWOOD, Appellant.

No. 45419.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1982.

Thomas P. Meade, Mitchell, Meade & Hickman, Palmyra, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted, in a jury trial, of selling a controlled substance, marijuana, § 195.020, RSMo (1978).[1] He was found to be a persistent offender, § 558.016, and was sentenced to twelve years imprisonment. This appeal ensues. We affirm.

On September 8, 1980, Trooper J.C. Lee, an undercover drug agent for the Highway Patrol, drove to appellant's home to buy

---

1. All statutory references are to RSMo (1978) unless otherwise indicated.

marijuana. Accompanying Lee were Steve Lawrence, who was a paid police informant; Joe Padgett; and Jimmy Gresham. Upon arriving at appellant's home, Padgett and Gresham brought appellant out to the automobile and introduced him to Trooper Lee as "Danny." Appellant offered to get the marijuana for Trooper Lee if he was given $50 in advance. After Lee gave appellant the money, appellant and Padgett left to get the marijuana. They returned in about fifteen minutes and Padgett gave a bag of marijuana to Trooper Lee. Appellant's defense was alibi.

■ Appellant first contends that the trial court erred by failing to suppress the in-court identification of appellant by Trooper Lee. Appellant has not preserved this issue for appellate review since he failed to make any objection at trial. *State v. Thompson,* 629 S.W.2d 361, 364 (Mo.App. 1981). We have considered the contentions raised by appellant and find that no manifest injustice or miscarriage of justice resulted therefrom. Rule 29.12(b).

■ Appellant next contends that the trial court prejudicially erred in giving Instruction No. 6[2] because the date of the offense was incorrectly stated as September 8, 1981, rather than September 8, 1980. We disagree. All of the evidence in the trial related to an offense committed on September 8, 1980, and appellant's converse instruction referred to the correct date. The substitution of dates was obviously a clerical mistake which could not have possibly confused the jury. The jury certainly knew from the evidence that appellant was being

tried for an offense allegedly committed on September 8, 1980. The discrepancy in dates was nonprejudicial and did not affect the substantial rights of the appellant. *See State v. Brame,* 542 S.W.2d 591, 593 (Mo. App.1976).

■ Appellant next contends that the trial court erred in giving Instruction No. 6[3] because the instruction did not name the person shown in the evidence to have aided the defendant, thus allowing the jury a roving commission to find the defendant guilty if anyone, including the undercover agent, aided him in the sale of marijuana. The use of the phrase "a certain person" is specifically provided for in MAI–CR2d 2.12. There exists no language in MAI–CR2d 2.12 or in the Notes on Use under that instruction, nor is there any case law to support appellant's claim that the trial court must give the name of that person in a jury instruction if evidence of that person's identity has been presented. Furthermore, the evidence clearly pointed to Joe Padgett as the "aider" in the sale. The trial court gave the instruction in the approved form, and we can find no error in the use of the phrase of "a certain person." *State v. Fletcher,* 619 S.W.2d 57, 58–59 (Mo.banc 1981). Appellant's contention is without merit.

■ Appellant finally contends that the trial court erred in not making specific findings of fact concerning the basis for imposition of an extended term of imprisonment as a "persistent offender" pursuant to § 558.021(3). Appellant has failed to provide this court with a transcript of the

---

2. Instruction No. 6, MAI–CR2d 2.12, reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 8, 1981, a certain person with the aid or attempted aid of defendant committed the offense of sale of marijuana to J.C. Lee, and

Second, that the defendant, either before or during the commission of the offense of sale of marijuana to J.C. Lee with the purpose of promoting its commission, aided such other person in committing that offense, and

Third, that the defendant was aware of the character of the substance and knew that he

sold it, then you will find the defendant guilty of sale of marijuana to J.C. Lee.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of sale of marijuana to J.C. Lee, you will assess and declare the punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than five years nor more than life imprisonment.

3. *Id.*

sentencing. Under Rule 81.12(a), the burden is upon appellant to provide this record. Therefore, appellant's point has not been preserved for appellate review.[4] The granting of allocution at the sentencing would have afforded the appellant an opportunity to raise any infirmities in the sentencing procedure and, if he did not do so, the matter is not preserved for review. *State v. Shepherd,* 633 S.W.2d 206, 209 (Mo. App.1982); *State v. Feeler,* 634 S.W.2d 484, 487 (Mo.App.banc 1981). Whether the trial court failed to make specific findings as required by § 558.021(3) is speculative based upon the record before us. The deficiency in the record compels denial of this point.

The judgment of the trial court is affirmed.

DOWD and CRIST, JJ., concur.

4. The record before this court consists of the amended information, which describes his three previous felony convictions and pleads that appellant is a persistent offender, and the judgment and sentence papers which state:

"The State presents its evidence on defendant's three prior convictions all of which were in this court and the court based upon this evidence finds that the defendant is a persistent offender."