STATE of Missouri, Respondent,

v.

Donald TATE, Appellant.

No. 45406.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 1983.

**728**

John W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Donald Tate (appellant herein), was convicted in a jury trial of forcible rape, § 566.030, RSMo (Supp.1982); forcible sodomy, § 566.060, RSMo (Supp.1982); burglary in the first degree, § 569.160, RSMo (1978); and two counts of robbery in the first degree, § 569.020, RSMo (1978). He was sentenced to a total of ninety-five years' imprisonment.[1] This appeal ensues. We reverse and remand with directions.

The defendant does not challenge the sufficiency of the evidence. Our review of the record indicates ample evidence to support the convictions; therefore an exposition of the facts is unnecessary.

On appeal, the defendant contends that the trial court erred (1) in denying a defense challenge for cause of a venireman; (2) in refusing to give a "not in MAI–CR2d"

1. Sentences for each of the crimes were as follows: forcible rape, 30 years; forcible sodomy, 30 years; first degree burglary, 5 years; and first degree robbery, 15 years for each count; the sentences to run consecutively.

instruction on identification; and (3) in sentencing appellant as a prior offender because there was no evidentiary support in the record for such a finding.

Defendant's first two contentions are not preserved for appellate review. The verdicts in this case were returned on December 18, 1981. Defendant's motion for new trial was not filed until January 22, 1982, which was beyond the time permitted by Rule 29.11(b). We have reviewed these contentions, *ex gratia,* and find that there was no error committed plain or otherwise.

Defendant's third contention regarding the alleged deficiency in the sentencing procedure is meritorious.[2] This contention was not raised by defendant at the instruction conference, in his untimely motion for new trial, or when allocution was granted at the time of sentencing. We therefore consider his contention under plain error. Rule 30.20. Defendant was charged by information, in which it was alleged that he was a "prior" and "dangerous" offender by reason of a prior conviction for assault with intent to maim with malice. § 558.016, RSMo (1978). The verdict-directing instructions given by the court did not provide for the assessment of punishment by the jury. The only reference in the transcript that suggests the defendant was a prior offender is a statement by the trial judge at sentencing that "the State had alleged and proven the prior offender status before submission to the jury and the Court, therefore, has the obligation to sentence the defendant." The written sentence and judgment form signed by the trial judge states that "[t]he Defendant is found to be a persistent offender."

It is axiomatic that before a defendant can be found to be a prior, persistent, or dangerous offender the State must prove the defendant's status beyond a reasonable doubt and the trial court must adjudge him as such based upon specific find-

2. The State, by motion, is in agreement with defendant's contention.

ings of fact. § 558.021.1, RSMo (Supp. 1982); *State v. Sanders,* 628 S.W.2d 390, 392–93 (Mo.App.1982). The granting of allocution gives the defendant an opportunity to raise any infirmities in the sentencing procedure and, if he does not do so, the matter is not preserved for appellate review. *State v. Greenwood,* 643 S.W.2d 837, 839 (Mo.App.1982). Here, however, the lack of an evidentiary basis for the trial court's adjudication and the lack of accord between the transcript and the written sentence and judgment form, mandate reversal. *See State v. Wickizer,* 641 S.W.2d 849, 852–53 (Mo.App.1982).

The judgment of the trial court is reversed and the cause is remanded with directions to conduct a hearing on the issue of the alleged prior conviction of the defendant and, if the prior conviction is proved, the court should pronounce sentence and judgment against the defendant; or in the alternative, if the issue of the prior conviction be found in favor of the defendant, to grant him a new trial on all issues. *See State v. Harris,* 547 S.W.2d 473 (Mo. banc 1977); *State v. Parker,* 458 S.W.2d 241 (Mo.1970).

REINHARD and CRIST, JJ., concur.