**STATE of Missouri, Respondent,**

v.

**Isaac Edward ALLEN, Appellant.**

**No. 49912.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 24, 1985.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DONALD L. MANFORD, Special Judge.

This is a direct appeal from a jury conviction for unlawful use of a weapon, in violation of § 571.030.1(1), RSMo Supp.1984. The judgment is affirmed in part and reversed and remanded in part.

Appellant presents two points, which in summary charge that the trial court (1) erred in restricting appellant's counsel during closing argument and by commenting to the jury that the substance of counsel's argument should be ignored, and (2) committed plain error in failing to instruct the jury as to the range of punishment and in failing to direct the jury to assess punishment; and further, that the court's assessment of punishment was not based upon a finding that appellant was a prior offender.

The record reveals the following applicable facts: Two police officers of the Pine Lawn, Missouri Police Department, after their tour of duty, entered Gino's Lounge in Pine Lawn. They observed appellant seated at a table with a large bulge under his left armpit. They summoned officers from the Pine Lawn department, and upon their arrival, one of the officers (Benoit) approached appellant and asked him to accompany him (Benoit) outside. Appellant offered no resistance and went outside with Benoit. Benoit asked appellant if he (appellant) was a police officer and appellant responded, "No." Benoit then asked appellant if he (appellant) was "packing it" and appellant answered, "Yes." ("Packing it" was later explained as the street term for carrying a weapon.) Appellant was immobilized and a Ruger Model .44 Magnum Revolver was seized from appellant. The weapon was loaded. The officers also removed a holster for the weapon from appellant's person. The weapon was seized from appellant's person by Officer Black.

The weapon was transported to the area police laboratory and test-fired.

At the close of the state's case, the trial court permitted the state to amend the information to include a charge against appellant as a prior offender. Appellant offered no evidence. The jury returned its verdict. The court entered judgment upon the verdict, but sentencing was imposed by the trial court. This appeal followed the overruling of timely filed post-trial motions.

In support of his point (1), appellant contends that the trial court erred in restricting counsel's argument, and by commenting to the jury that the substance of counsel's argument should be ignored.

In consideration of this issue, direct reference to the transcript is necessary. It reveals the following:

MS. WHITE: (APPELLANT'S COUNSEL) The police officers testified, 'Well, there's the State's little seal—State's Exhibit something. But you saw that being put on here in the courtroom. The police officers didn't testify that they initialed the gun. In fact, he testified that that .357 Magnum is like any other, except for the serial number.

They haven't brought you in any evidence to show you whose gun that is, what serial number that gun is registered to.

They didn't even bring in the officer who fired the gun, Officer Crosswhite, to tell you that that was the gun they fired. As a matter of fact, there's no chain of custody with this gun.

Benoit said he saw a gun, either in the waistband or the holster. Then he gave it to Officer Black.

MR. JOHNSON: Judge, I'm going to object to that. She's arguing legal issues to the jury that are beyond the scope of their role as jurors.

THE COURT: Yes. I think that that question has been—

MR. JOHNSON: Ask that the chain of custody remark be—

THE COURT: Yes. Yes. I think it's been ruled upon in motions.

MS. WHITE: Well, Your Honor, what I'm arguing is that the kind of evidence that the State has brought to this jury and they—their testimony was that the gun was—

MR. JOHNSON: Judge, I'm going to object to this being done in the jury's hearing. Let's go up to the side bar and have a discussion.

(Counsel approached the bench and the following proceedings were had:)

MR. JOHNSON: Judge it's been proven by the evidence chain of custody—(inaudible). And it's completely—in an effort to confuse this jury with an issue that is—She had an opportunity to chain of custody—

THE COURT: Ms. White,—

MS. WHITE: Judge, I think I can argue the witnesses that, you know, they testified that it was given to Black. I can argue what the evidence is. The evidence is that—

THE COURT: Well, are you—what are you suggesting, a possibility that the gun that was fired was not the weapon that they took from—

MS. WHITE: What I'm arguing is what the State is giving this jury to convince them beyond a reasonable doubt, that they—

THE COURT: Well, I understand that.

MS. WHITE: —haven't brought in those people.

THE COURT: But—no. But I'm—

MS. WHITE: That's what I'm arguing.

THE COURT: —asking you this: Is the inference from your argument that the weapon they took from the Defendant is not the weapon that was test-fired? If that's what you're arguing, I would permit that limited aspect of it to come in. But as far as arguing chain of custody, I've ruled upon that, and I think it's a matter of law.

MS. WHITE: Well, chain of custody may—

MR. JOHNSON: I would ask, Judge, that the jury be—(inaudible).

THE COURT: Huh?

MR. JOHNSON: I would ask also that the jury be advised to ignore the statement regarding chain of custody. If she wants to argue that he's got a gun, fine. But—(inaudible).

MS. WHITE: Your Honor, I can—chain of custody—(Inaudible).

THE COURT: Sorry. We've got—

·MS. WHITE: Chain of custody may have a legal—may be a legal issue, but it's also an issue of fact as to who had the gun, where it went, who had it, and who didn't have it. Now, Mr. Johnson is aware that there's a legal issue with chain of custody. The jury isn't aware of a legal issue of the chain of custody. That's—you know, I'm just arguing that they haven't brought in all witnesses.

THE COURT: The term 'chain of custody' is somewhat offensive to me. If you want to argue that maybe there was another—you know, I'm not telling you what to argue, necessarily. The gun got lost, something, you know, I'll prevent you to do that. But I don't want the term 'chain of custody' used because it is a legal issue.

I'm going to admonish the jury to disregard the term 'chain of custody.' But, you know, if you want to argue do some guesswork as to what happened to the gun, I'll permit you to do that.

MS. WHITE: So you're going to order the jury to disregard the term—

THE COURT: The term, yeah.

MS. WHITE: Okay.

THE COURT: But beyond that—

(Proceedings returned to open court.)

THE COURT: Ladies and gentlemen of the jury, there's a term that was used, it's called 'chain of custody' and it's a legal term and I would ask you not to bother yourself with it and to ignore that particular term and let's stay with the facts as best we can in this matter.

All right. Ms. White.

Then the following is found farther within appellant's counsel's argument:

MS. WHITE: You've heard the evidence. You heard the witnesses testify that there was a gun, that they seized the gun, that it was given to an Officer Black. That Officer Black took the gun somewhere and then another officer took it. Where was Officer Black? Where were all the other witnesses the State could have called to prove to you beyond a reasonable doubt?

Now, remember this is a criminal trial. The State has the whole burden. The burden never shifts. We have that issue: What has the State given to you?

On the other hand, what we have is the State saying—assume that you think that that is enough evidence beyond a reasonable doubt to show that Isaac Allen was carrying a gun that night. You have to make that decision and you have to live with that decision.

But then the issue comes, was it concealed? Now, remember the law is, carrying a concealed weapon. We're talking about being in Pine Lawn, Missouri. Pine Lawn, Missouri, is a municipality that many of the citizens of St. Louis County wouldn't even go through.

MR. JOHNSON: Well, now, Judge, I'm going to object to this. That isn't in evidence. What Pine Lawn, Missouri, is or isn't is not in the evidence.

THE COURT: Yes. I would hesitate to say anything, either good or bad, about Pine Lawn. I'm certainly not going to take judicial notice that most people wouldn't go through it. Let's proceed and leave the reputation or nonreputation of Pine Lawn, Missouri, out of this.

From the foregoing, appellant first concludes, then asserts as error, that the trial court restricted counsel's argument, and furthermore, that the court in substance agreed with the state and that appellant's argument was to be ignored.

▮ This issue is disposable within the well-recognized rule that the trial court has "broad discretion in determining the propriety of oral argument and appellate courts will not interfere absent clear abuse of that discretion and prejudice to appellant." *State v. Darnell,* 639 S.W.2d 869, 873 (Mo.

App.1982). The rule also prevails that if error does occur, the error becomes harmless if the party is permitted to make the same argument he was otherwise prevented from presenting. Stated another way, if the point to be made by or through the argument objected to can and is presented in another manner so that the point is presented, then any error concerning the prevention in the first instance is rendered harmless. *State v. Niehoff*, 395 S.W.2d 174, 183 (Mo.1965), *State v. Golightly*, 495 S.W.2d 746, 753 (Mo.App.1973). This rule is applicable herein, because the record reveals that appellant, through counsel, was permitted and was able to get the point across to the jury that the gun in evidence was not shown to have been the gun seized from appellant. Thus, while appellant's counsel was, by objection, prevented from utilizing the "chain of custody" argument, the point that that argument would have urged to the jury was presented to the jury by further argument. Thus, no reversible error is present. On another note, it is clear from the record that the evidence to support appellant's conviction was quite strong. Thus, even if there was presumptive error, the prejudicial effect was overcome by the strength of the state's evidence. *State v. Caldwell*, 632 S.W.2d 501, 503 (Mo.App.1982).

■ Concerning the subsequent portion of appellant's argument related to counsel's reference to the community of Pine Lawn, the foregoing discussion also applies. In addition, there was no evidence upon the record regarding the community of Pine Lawn, thus the argument was outside the evidence. Further, respondent correctly points out that this portion of appellant's argument amounted to jury nullification and such is not encouraged. *State v. Lane*, 629 S.W.2d 343, 346 (Mo. banc 1982).

There is no merit to appellant's point (1) and it is ruled against him.

■ Under his point (2), appellant raises a valid argument. The record is clear that the trial court allowed the prosecution to amend the information to include a charge of appellant as a prior offender.

There was no error in that action. However, the trial court failed to instruct the jury on the range of punishment. There is no dispute herein that appellant made no request for the court to assess punishment, as he might have done. What occurred was that the trial court assessed punishment under § 558.021.1, RSMo Supp.1984. The error arose upon the failure of the trial court to conduct a hearing upon the issue of appellant's being a prior offender and to enter findings of fact in support of a finding that appellant was a prior offender. Thus, there is a lack of evidentiary support for sentencing by the trial court. That this was *plain error* is not even contested by the state. Indeed, it could not be contended in light of the rule announced in *State v. Tate*, 657 S.W.2d 727 (Mo.App.1983).

■ Appellant and the state agree that sentencing was improper. The controversy, therefore, centers upon what relief appellant is entitled to in disposal of the issue. Appellant contends that he is entitled to a new trial. The state argues that the proper relief is in the remand of the cause for purpose of resentencing. The state's position is the correct one.

The trial court erred in not conducting an evidentiary hearing for the purpose of determining whether appellant is a prior offender and entering findings of fact if it was found appellant was a prior offender. Because of this, plain error occurred, necessitating reversal of appellant's sentence and the remand of this cause for resentencing. If, upon an evidentiary hearing, the trial court makes no finding that appellant is a prior offender, then appellant must be given a new trial upon the trial court's error of not instructing the jury on the range of punishment relative to the offense. On the other hand, if the trial court concludes, upon the entry of proper findings of fact, that appellant is a prior offender, the trial court is to enter sentence accordingly. *See Tate, supra, State v. Bohlen*, 670 S.W.2d 119, 123 (Mo.App. 1984); *State v. Holt*, 660 S.W.2d 735, 739 (Mo.App.1984), and *State v. Wickizer*, 641 S.W.2d 849, 853 (Mo.App.1982).

That portion of the judgment pertaining to appellant's conviction is in all respects affirmed. That portion of the judgment pertaining to the sentencing of appellant is reversed and the cause is remanded for the exclusive purpose of resentencing if upon proper fact-finding and the entry of same appellant is found to be a prior offender. If, after hearing, appellant is not found to be a prior offender, appellant shall be granted a new trial.

DOWD, P.J., and REINHARD, J., concur.