STATE of Missouri,
Plaintiff-Respondent,

v.

Darrell Lee HUFFT,
Defendant-Appellant.

No. 14464.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1986.

David Robards, Joplin, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant guilty of burglary in the second degree. § 569.170, RSMo 1978. As a prior offender, he was sentenced to imprisonment for eight years. He presents two points on appeal.

Viewing the evidence favorably to the state as required by the verdict, *State v. Williams*, 623 S.W.2d 552 (Mo.1981); *State v. Cooper*, 673 S.W.2d 848 (Mo.App.1984), the following is a sketch of the facts. The defendant lived in Springfield near Quarry Supply Company. His friend William Leitz lived in Billings, although he occasionally stayed with the defendant. On December 27, 1984, the two planned to burglarize the Quarry Supply Company. In accordance with that plan, that afternoon the defendant concealed himself in the premises during business hours. After the business closed he admitted Leitz. The two took two kerosene heaters, bolt cutters, sledgehammers, a microwave oven, floor jacks and a welder.

On December 28, 1984, they drove to Joplin. There they sold the items taken, with the exception of the bolt cutters, to a pawnshop. They returned to Springfield by late that afternoon. At about 5:30 p.m., the defendant encountered an acquaintance who was an employee of Quarry Supply Company. During a conversation with that acquaintance, the defendant told the acquaintance that he, the defendant, had been in Joplin that day looking for a job.

The defendant's first point is that the trial court erred in admitting evidence of the defendant's statement concerning the purpose of his trip to Joplin. He argues that statement was not relevant. "The general rule is that acts, conduct, and declarations of the accused occurring after the commission of an alleged offense which are relevant and tend to show a consciousness of guilt, or a desire or disposition to conceal the crime, are admissible in evidence." *State v. Walker*, 357 Mo. 394, 208 S.W.2d 233, 236 (1948). The statement is obviously relevant to show the defendant was in Joplin. Moreover, it is a reasonable inference that by that statement the defendant was attempting to conceal the purpose of his trip to Joplin and his connection with the burglary. The trial court did not err in admitting evidence of his statement. *State v. Green*, 639 S.W.2d 128 (Mo.App. 1982); *State v. Ross*, 606 S.W.2d 416 (Mo. App.1980).

The defendant's second point is that MAI–CR 2d 1.10 (the hammer instruction) was improperly given. After they had deliberated approximately two hours and fifty minutes, the jury was returned to the courtroom. Upon inquiry by the court, without disclosing how the balloting stood, the foreman told the court the jury had not reached a verdict. He added that he did not believe the jury could reach a verdict if they deliberated further. Upon the court's inquiry, he then stated the jury had taken four ballots. The court then gave MAI–CR 2d 1.10. After deliberating further for approximately forty minutes, the jury returned with the guilty verdict.

The length of time which a jury is allowed to deliberate and the determination of whether to read MAI–CR 2d 1.10 are within the discretion of the trial court. *State v. Broadux*, 618 S.W.2d 649 (Mo. banc 1981). "Being told by a juror that further deliberation would not be helpful in resolving a deadlock does not preclude the trial judge from reading the hammer instruction, and certainly does not prevent the trial judge from attempting to facilitate a verdict by giving no additional instruction and allowing further time for deliberation." *State v. Anderson*, 698 S.W.2d 849, 853 (Mo. banc 1985). There is nothing in the record to establish the trial court abused its discretion by giving MAI–CR 2d 1.10. The judgment is affirmed.

PREWITT, C.J., and KEET and STEEL-MAN, Special Judges, concur.