Joseph ARBEITER,
Defendant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 52867.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 30, 1987.

Application to Transfer Denied
Nov. 17, 1987.

James McKay, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Movant, Joseph F. Arbeiter, appeals from the dismissal of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of two counts of possession of a controlled substance and was sentenced as a persistent offender to two consecutive sentences of ten years each. This court affirmed movant's conviction on direct appeal. *State v. Arbeiter*, 664 S.W.2d 566 (Mo.App.1983).

Movant then filed a Rule 27.26 motion. Counsel was appointed and the motion was amended. The trial court denied movant an evidentiary hearing and dismissed his amended motion. Movant appeals, raising two allegations of error.

As a juvenile, movant was convicted of murder; the conviction was reversed on appeal. *State v. Arbeiter,* 408 S.W.2d 26 (Mo.1966). He was then tried and convicted again for the same crime. The conviction was again reversed. *State v. Arbeiter,* 449 S.W.2d 627 (Mo.1970). In his first point, movant argues that he is entitled to an evidentiary hearing to determine the validity of his contention that the trial judge improperly considered these overturned murder convictions in imposing the maximum sentence.

Any infirmities in sentencing is a matter to be raised in the trial court when allocution is granted. *State v. Greenwood,* 643 S.W.2d 837, 839 (Mo.App.1982). Appellate review of any claimed error at sentencing is a matter for direct appeal. *See, e.g., State v. Tate,* 657 S.W.2d 727 (Mo.App. 1983). Such a contention cannot be raised in a motion for post-conviction relief except in rare and exceptional circumstances. *Medley v. State,* 639 S.W.2d 401, 403 (Mo. App.1982). Rule 27.26 cannot be used as a vehicle to obtain a second appellate review of matters which were or should have been raised on direct appeal. *Seltzer v. State,* 694 S.W.2d 778, 780 (Mo.App.1985).

There is nothing in the record to indicate, nor does movant allege, special circumstances which would have prevented his raising the issue on direct appeal. Movant's first point is denied.

In his final point, movant argues that his claim that the trial judge had taken prejudicial security measures at trial entitled him to an evidentiary hearing. Movant again raises a contention of trial court error which could have been raised on direct appeal and is therefore not cognizable in a Rule 27.26 proceeding. The point is denied pursuant to Rule 84.16B.

Affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.