STATE of Missouri,
Plaintiff–Respondent,

v.

Rosalyn BELL, Defendant–Appellant.

No. 52174.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 2, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant was convicted by a jury in the Circuit Court of the City of St. Louis of stealing, in violation of Section 570.030, RSMo 1986, and sentenced to two years imprisonment. After careful consideration of her appeal, we affirm.

John Mothon, a seventy year old retired steelworker, lived in a one room apartment in the city. The defendant lived upstairs in another apartment with her boyfriend, Lamont Battle, until they were evicted. After their eviction, Mothon let them live with him for several weeks. Although Mothon denied in his deposition having had sexual relations with the defendant, he admitted at trial that they had sexual relations on as many as three occasions during the weeks that the defendant had been staying with him. After one such incident in early May of 1985, the defendant asked Mothon for thirty dollars. Mothon gave the defendant no money at that time. On May 6, he gave her eight dollars for having sexual relations with him a few days earlier.

Later that evening, Mothon was attacked by Battle, who grabbed the victim and asked him why he had not given the defendant the rest of the money. Battle threw the victim on the bed, bit his finger, scratched his neck and tried to choke him. While Battle held the victim's arms, defendant reached into his front pocket and removed three twenty dollar bills before leaving Mothon's apartment.

After the defendant left, Battle blocked the apartment door so that Mothon could not leave. Battle reached into the closet next to the door, handed Mothon a shotgun, and told Mothon to shoot him. Mothon complied, hitting Battle in the right upper arm. Battle fled, but collapsed on the sidewalk in front of a funeral home a few doors away. A neighbor was in the crowd of people who gathered around Battle. Defendant approached the neighbor and requested that she take some money she had but not spend the money. The neighbor refused.

Police officers arrested the defendant and Battle at the scene. A female officer testified to having searched the defendant at the police station. That search revealed three twenty dollar bills stuck in the fly of a pair of men's underwear. The defendant and Lamont Battle were tried together for their offenses.

Defendant contends that the trial court erred in overruling her motion for a judgment of acquittal because the evidence was insufficient to support the verdict. She argues that the evidence revealed that by previous agreement the victim owed her the money in exchange for sex and that, as a result, the necessary mental state was lacking when the defendant claimed money that she honestly believed was rightfully hers.

■ In this appeal, the defendant seeks to rely upon a defense which she did not attempt to present at trial. The defendant has the burden of injecting the issue of claim of right into the case. Section 570.-070.2, RSMo 1986; *State v. Quisenberry*, 639 S.W.2d 579, 584 (Mo. banc 1982). The defendant testified that the victim had given her sixty dollars at a convenience store earlier in the evening and that she was not present during the altercation between her co-defendant Battle and the victim. She, therefore, denies having taken the money

from the victim. Her testimony is inconsistent with a defense of claim of right. "[C]laim of right is a special negative defense and inherent in its concept is that the act charged occurred, but by reason of the defense, the act did not possess the qualities of criminality." *State v. Smith,* 684 S.W.2d 576, 580 (Mo.App.1984). The defendant is not entitled to rely on a defense on appeal that is inconsistent with the evidence at trial.

 Even if the defendant had injected the claim of right as required by *Quisenberry,* the claim of right should fail. The defendant's theory depends upon a right to payment for sexual favors, but defendant had no "right" to payment as a matter of law. A defense of claim of right depends on a *lawful* claim. The point is denied.

Defendant also urges us to decide that the trial court erred in overruling her objection to the prosecutor's closing argument. In order to rebut the defendant's argument that the victim was a liar, the prosecutor suggested that if the victim was lying, the defense would have played the videotape of his deposition to the jury.

The transcript reveals the following dialogue:

MR. TANNER: This is a tape that Mr. Childress interviewed Mr. Mothon back in September. He talked about this on his voir dire, he's been waving the tape around, it's been at his disposal. If Mr. Mothon is such a big liar, why didn't he play the tape for you? You could have seen what Mr. Mothon—this is his evidence, so it's on his desk.

MR. CHILDRESS: I'm going to object at this point, the witness admitting to a lie, preventing me from playing the tape. I believe he made a [sic] incorrect statement of the law.

THE COURT: All right. Go ahead.

To preserve error, an objection must be made with sufficient specificity to advise the trial court of the grounds for the objection. *State v. Caldwell,* 632 S.W.2d 501, 503 (Mo.App.1982). "A general objec-

tion preserves nothing for review, and ordinarily constitutes no objection at all." *State v. Cannady,* 660 S.W.2d 33, 36 (Mo. App.1983) (citations omitted). The objection attempted by the defense attorney fails to articulate a proper legal basis for objection. In addition, the defendant made no request for relief for the trial court to grant or deny. The trial court had nothing to rule on. The defendant has not preserved the issue for review.

The judgment of the trial court is affirmed.

STEPHAN, P.J. and KAROHL, J., concur.