Darrell Lee HUFFT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15586.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 7, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied Sept. 19, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Donald L. Clough, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Darrell Lee Hufft appeals from an order denying, without an evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and eight-year sentence for burglary in the second degree. The conviction was affirmed on appeal. *State v. Hufft,* 713 S.W.2d 295 (Mo.App.1986).

**1.** Rule references are to Missouri Rules of Criminal Procedure (18th Ed.1987). Rule 27.26 was repealed effective January 1, 1988, but the instant proceeding is governed by the repealed rule as sentence was pronounced, and movant's motion was pending, prior to January 1, 1988. Rule 29.15(m), Mo. Rules of Crim.Proc. (19th Ed.1988).

In general it is movant's position that the motion alleged facts entitling him to an evidentiary hearing and that the trial court erred in ruling otherwise.

 Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to movant. *Ahart v. State*, 732 S.W.2d 256 (Mo.App.1987).

Movant's motion included allegations that certain witnesses at the jury trial gave inconsistent testimony, that the state's evidence was contradictory, and that the evidence was insufficient to support the verdict. These allegations do not state facts warranting relief. A proceeding under Rule 27.26 "ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Rule 27.26(b)(3). The matter of sufficiency of the evidence is a matter for direct appeal. *Eggers v. State*, 734 S.W.2d 300, 303[6] (Mo.App. 1987). Nothing appears in movant's motion to cause that principle not to apply. *Johnson v. State*, 726 S.W.2d 889, 890 (Mo. App.1987).

Movant's motion included an allegation that the trial court erred in reading the "hammer" instruction to the jury and in not declaring a "hung jury" mistrial. The claim concerning the giving of the hammer instruction was raised and rejected on movant's appeal. *State v. Hufft*, supra, at 296. Issues raised and decided on direct appeal cannot be relitigated in a Rule 27.26 proceeding. *Gilmore v. State*, 741 S.W.2d 704, 708[10] (Mo.App.1987). The issue of not declaring a "hung jury" mistrial was a matter for direct appeal and nothing appears in movant's motion to preclude the application of the principle stated in Rule 27.26(b)(3), supra.

Movant's motion alleged that the state failed to prove that movant was a persistent offender. Any infirmity in sentencing is a matter to be raised in the trial court when allocution is granted. *State v. Greenwood*, 643 S.W.2d 837, 839 (Mo.App. 1982). Appellate review of any claimed error at sentencing is a matter for direct appeal. *Arbeiter v. State*, 738 S.W.2d 515, 516 (Mo.App.1987); *Underwood v. State*, 591 S.W.2d 140, 141[3] (Mo.App.1979). Movant fails to allege any "rare and exceptional" circumstances which would permit raising this point for the first time in this proceeding. See *Medley v. State*, 639 S.W. 2d 401, 403[4] (Mo.App.1982).

The judgment is affirmed.

HOGAN, MAUS and PREWITT, JJ., concur.