Donald Lee TATE, Appellant,

v.

William M. ARMONTROUT, Warden, Missouri State Penitentiary, Appellee.

No. 89–2326EM.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1990.

Decided Sept. 10, 1990.

Michael F. Harris, Chesterfield, Mo., for appellant.

Ronald Jurgeson, Jefferson City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Donald Lee Tate appeals denial of his habeas corpus petition by the district court's [1] order adopting the recommendations of the magistrate.[2] Tate invoked double jeopardy and due process to support his petition, arguing that Missouri's enhanced sentencing procedures had an unconstitutional effect in his case. Finding no constitutional infirmity in Tate's sentencing, we affirm.

## I. BACKGROUND

In 1981, Tate was charged with forcible rape, forcible sodomy, first degree burglary, first degree robbery (all stemming from the same incident), and being a prior and dangerous offender under Missouri law. He was convicted on all counts, adjudged a prior offender subject to enhanced sentencing, and accordingly sentenced to a total of 95 years imprisonment.[3]

On review of his conviction, the Missouri Court of Appeals reversed and remanded for a hearing on the question of Tate's prior offender status because the trial court had failed to make a record of that status.[4] On remand the trial court held a hearing as directed, again determined that Tate was a prior offender, and again sentenced him to a total of 95 years. On review of the trial court, the Missouri Court of Appeals summarily affirmed.[5] Postconviction relief was denied to Tate, and that denial was likewise affirmed by the Missouri Court of Appeals.[6]

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

3. The current versions of the Missouri laws on sentencing are found in Chapters 557 and 558 of the Missouri Revised Statutes.

4. *See State v. Tate,* 657 S.W.2d 727 (Mo.App. 1983). We discuss this case more at length at note 8.

5. *State v. Tate,* 675 S.W.2d 85 (Mo.App.1984).

6. *Tate v. State,* 752 S.W.2d 393 (Mo.App.1988).

Thereafter, this habeas action was begun by Tate. Tate's petition argued that his resentencing after reversal by the Missouri Court of Appeals violated double jeopardy and that the trial court's failure to adjudicate his prior offender status before the submission of his case to the jury (as required by the Missouri statute) violated due process. The magistrate recommended that relief be denied because double jeopardy did not attach to the Missouri prior offender statute and because due process had not been violated. The district court adopted those reasons as its own and entered an order denying Tate's petition for writ of habeas corpus. Our reasons for affirmance are set out below.

## II. DISCUSSION

The legal issue in this case is whether the double jeopardy clause prevents resentencing of a defendant in a non-capital case where an appellate court has reversed the defendant's conviction and sentence on the grounds of procedural error from the first sentencing. Following Supreme Court precedent, we answer in the negative.

As a preliminary matter, we note that the way we have framed the issue skips a logical step in the analysis—whether double jeopardy can be said to apply in non-capital sentencing proceedings at all. We might rightly ask that question first and answer it in the negative. However, it is advisable to avoid making a pronouncement about constitutional law (such as the reach of double jeopardy) when unnecessary to the determination of a case. Reversing a decision of this court, in *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the High Court assumed without deciding that the proscription of successive capital sentencings from *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), applied in non-capital cases, particularly because the state had not argued it and because the lower courts had concluded that it did apply. *Nelson*,

109 S.Ct. at 289 n. 6. Though the state here has argued against *Bullington*'s application, we also assume without deciding in the abstract that double jeopardy can apply to non-capital sentencing cases.[7]

Having assumed that double jeopardy does apply to the Missouri statute, the remaining question is whether it actually bars resentencing in Tate's case. That question turns on whether the Missouri Court of Appeals overturned Tate's sentence for procedural error or for insufficient evidence. Our analysis on this point is guided, if not controlled, by the Supreme Court's opinion in *Nelson*. Thus, some discussion of that case is in order.

Nelson pleaded guilty to burglary in Arkansas circuit court. He was subject to sentencing under the Arkansas habitual offender statute because he was guilty of four or more felonies. The state had the burden of proving four of those felonies beyond a reasonable doubt. A jury found that the state had proven its case and returned an enhanced sentence. Later in a habeas action, Nelson contended, as he had all along, that one of his convictions had been pardoned and that his enhanced sentence was therefore invalid. Concluding that one of the convictions indeed had been pardoned, the district court invalidated the enhanced sentence and ruled that double jeopardy prevented resentencing of Nelson as a habitual offender. *Nelson v. Lockhart*, 641 F.Supp. 174 (E.D.Ark.1986). This court affirmed in *Nelson v. Lockhart*, 828 F.2d 446 (8th Cir.1987), *rev'd*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

Both the district and circuit court relied on *Bullington* to support their conclusions that double jeopardy applied to the Arkansas statute. Because the nature of the Arkansas habitual offender proceeding is one very like a trial on guilt or innocence, both courts were persuaded that double jeopardy attached *and* prevented resentencing. *Nelson*, 641 F.Supp. at 177–86;

---

**7.** The Seventh Circuit has recently pointed out that the circuits remain split on the applicability of *Bullington* to non-capital sentencing cases, but nevertheless itself decided that double jeopardy did not attach to Indiana's habitual offender statute, which is similar to Arkansas' statute to which this court attached double jeopardy in *Nelson*. *Denton v. Duckworth*, 873 F.2d 144, 146, n. 2, 148 (7th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989).

*Nelson,* 828 F.2d at 447–51. We are not concerned with either court's use of *Bullington* to find that double jeopardy attached, because the Supreme Court avoided that first step in its own analysis of the case. We are only concerned with the district and circuit courts' conclusions that double jeopardy actually prevented resentencing, because it is there that the Supreme Court drew an opposite conclusion.

Because it assumed that double jeopardy could apply, the Supreme Court did not consider *Bullington* as dispositive at all. The Court was concerned only with the conclusion this court had reached about the effect Nelson's pardoned conviction had vis-a-vis double jeopardy—i.e., whether double jeopardy prevented resentencing of Nelson because of the introduction of the pardoned conviction.

> The [Eighth Circuit] Court of Appeals reasoned that the pardoned conviction was not admissible under state law, and that "[w]ithout [it], the state has failed to provide sufficient evidence" to sustain the enhanced sentence. [*Nelson,* 828 F.2d] at 449–550. We granted certiorari to review this interpretation of the Double Jeopardy Clause.

*Nelson,* 109 S.Ct. at 289 (citation and footnote omitted).

While this court considered the use of the pardoned conviction as a failure of the state to make its case resulting in insufficient evidence and triggering double jeopardy's prevention of resentencing Nelson under the habitual offender law, the Supreme Court took the opposite view. Even if the use of the pardoned conviction resulted in insufficiency of some of the evidence, the High Court concluded, retrial was permissible because only trial error had occurred.

The Court relied on its opinion in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), to support its holding that "the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." *Nelson,* 109 S.Ct. at 290. The Court's holding followed from the general rule that double jeopardy does not bar retrial where a conviction is overturned for error in the proceedings below, but does bar retrial where the reversal is "on the sole ground that the evidence was insufficient to sustain the ... verdict." *Id.*

Hence, where this court had found insufficient evidence, the Supreme Court found only trial error. The Court took the opportunity to further explain the contours of double jeopardy as presented in Nelson's case and the rationale behind double jeopardy's operation as a bar, *vel non.*

> It appears to us to be beyond dispute that this is a situation described in *Burks* as reversal for "trial error"—the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction. But clearly *with* that evidence, there was enough to support the sentence.... The fact that one of the convictions had been later pardoned by the Governor vitiated its legal effect, but it did not deprive the certified copy of that conviction of its probative value under the statute.[] It is quite clear from our opinion in *Burks* that a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause.... The basis for the *Burks* exception to the general rule [that retrial is not barred] is that a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence.

> .    .    .    .    .

> Permitting retrial [resentencing] in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to "obtai[n] a fair readjudication of his guilt [sentence] free from error."

*Id.* 109 S.Ct. at 290–91 (citations and footnotes omitted).

The difference between insufficient evidence amounting only to trial error and insufficient evidence to support a verdict was the distinction that the Court found this court to have misread and with which it resolved *Nelson*. Likewise, we resolve this case using the distinctions illustrated by *Nelson*. If one imagines a spectrum on which cases exist as examples of the simplest trial error to the grossest case of insufficient evidence, Tate's case stands closer to simple trial error than Nelson's. Even a cursory reading of the facts of the two cases leaves no room for doubt that if Nelson's case presented only trial error, Tate's certainly does as well.

While Nelson's sentence was overturned for admission of a certain piece of evidence, Tate's was overturned only to make a record of the evidence that was already received.[8] Nelson actually had a quarrel with the quality of the evidence presented to his trial jury, where Tate's quarrel can only be that the sentencing court failed to make an adequate record of the evidence used for enhancement of his sentence. While in *Nelson* the reviewing district court determined that certain *evidence* was insufficient, here the reviewing court (of appeals for Missouri) determined only that the *record* was insufficient and said nothing about the sufficiency of the evidence to support the enhanced sentence itself.

The point is that it is the sufficiency of the evidence that determines whether or not double jeopardy bars retrial because an acquittal should have been granted in the first instance, it is not the sufficiency of the record that determines a bar. Further, as *Nelson* reiterated, and as we later said in *Palmer v. Grammer*, 863 F.2d 588, 593 (8th Cir.1988), "the reviewing court must look to *all* the evidence, not just the legally admitted evidence, to determine whether retrial is permitted."

In this case, no evidence was called into doubt as insufficient. The record made such an inquiry impossible because it was deficiently made. We conclude that that was a trial error, not insufficiency of the evidence itself. While the state may not have a second opportunity to produce sufficient evidence, we do not believe double jeopardy can bar the state from an opportunity to show that it did in fact produce sufficient evidence, particularly where the record was not properly made and prevents the reviewing court from making the proper constitutional inquiry. This is all that has been allowed here—the Missouri Court of Appeals reversed and remanded in order that a hearing could be conducted to make a proper record of the enhancement evidence against Tate.[9]

Thus, Tate's was not a case of the state getting a second chance to prove something

8. We disagree with Tate that the Missouri Court of Appeal's reversal of his conviction can be said to be on any grounds other than procedural. The Court of Appeal's complaint was that the trial court had not made an adequate record of the sentence enhancement hearing and that what record existed was conflicting because it described Tate as both a prior and dangerous offender (in the transcript) and as a persistent offender (in the judgment). It is clear that the court was dissatisfied with the state of the record on the question of enhancement and that there was certainly not enough of a record from which the court could gauge the sufficiency of the evidence on that point. The reference to a "lack of an evidentiary basis" is to an incomplete record, not to certain evidence. *See State v. Tate*, 657 S.W.2d 727, 728–29 (Mo.App.1983). In a later appeal by Tate, affirming denial of postconviction relief to him, the Missouri Court of Appeals explained its earlier reversal of his sentence,

> the only evidence *in the transcript* to suggest [Tate] was a prior offender was a statement

by the judge.... Because the *record failed to indicate a hearing was held* [on Tate's prior offender status] and a conflict existed between the transcript and the written sentence ... the case was sent back to the trial court *for a hearing....*

*Tate v. State*, 752 S.W.2d 393, 393–94 (Mo.App. 1988) (emphasis added).

9. The argument might be made that if the record is insufficient to show the evidence of enhancement, the evidence itself should be considered insufficient for double jeopardy purposes, because the state should be charged with the failure to make a record. That might be true under a statute like that in *Nelson* which required a jury to make the determination of enhancement. If the record is insufficient as taken down before a jury, it is likely that the evidence was simply not presented to it. However, in a case like this, where the trial court made the determination of enhancement, it is not necessarily true that a gap in the record reflects a gap in the evidence put on by the

it had failed to prove the first time, the heart of double jeopardy's bar. *See Burks*, 437 U.S. at 11, 98 S.Ct. at 2147. Rather, it was Tate who got a second chance to attack the state's evidence. Obviously he failed, and the Missouri Court of Appeals later affirmed his sentence. We conclude that Tate's case presents only a trial error whose correction was not barred by double jeopardy. *See Nelson*, 109 S.Ct. at 290–91; *Denton*, 873 F.2d at 148.

■ Tate's other ground for habeas relief is that the trial court's failure to determine his prior offender status prior to submission of his case to the jury contrary to the Missouri statute was a violation of due process. In review of denial of a postconviction motion, the Missouri Court of Appeals took this view of that claim: "The error was not prejudicial. Because [Tate] was, in fact, a prior offender, he had no right to be sentenced by a jury, and thus his substantive rights were not violated by the tardy adjudication of his prior offender status." *Tate*, 752 S.W.2d at 394 (citations omitted). We quite agree.[10] While the trial court may have violated the letter of the Missouri law, its action falls well short of any unfair treatment violative of due process under the federal constitution and redressable by writ of habeas corpus.

## III. CONCLUSION

■ Because Tate's resentencing under the Missouri habitual offender statute was ordered for trial error and not insufficient evidence, retrial on that point was not barred by double jeopardy. Further, Tate's due process claim is without merit. The district court's denial of habeas relief to Tate is accordingly affirmed.

---

state. Rather, as here, the trial court may simply have failed to make record of the evidence it considered in making its determination. The state should not be charged with that failure, nor should double jeopardy be considered a bar to its proper recordation.

**10.** Frankly, we think Tate can be said to have been accorded full due process. He has not disputed his guilt since trial and, nevertheless, has twice had the opportunity to attack the government's case against him with respect to his sentence. What due process violation can seriously be posited some eight years later in this collateral attack escapes us.